## 56516. EDWARDS v. YELVERTON et al.

BELL, Chief Judge.

In August, 1977, plaintiff brought this suit to establish the paternity of her illegitimate minor child and to compel the defendant to provide support. A default judgment was entered January 6, 1978, adjudging the defendant to be the father of the child and therefore liable to the child and her mother for support. Subsequently, a jury determined the amount of support and a judgment was entered on the verdict February 20, 1978. Defendant did not appear at the jury trial which determined only the amount of support. Defendant filed a "motion to set aside" the February verdict and judgment on March 1, 1978. In his motion, defendant alleged that illness of his counsel prevented defense to the suit and that another action was pending between the same parties involving the same subject matter. The earlier default judgment was not challenged by the defendant in this motion. The court denied defendant's motion in an order filed April 1, 1978. Defendant filed a notice of appeal on May 1, 1978. *Held:*

We affirm. Defendant's "motion to set aside" was not predicated on a nonamendable defect appearing on the face of the record, or on a lack of jurisdiction over the person or the subject matter under CPA § 60 (d). Code Ann. § 81A-160 (d). As the judgment which defendant seeks to set aside was based on a jury verdict, a trial court does not under its inherent power have authority to vacate or set aside even though rendered during the same term of court. *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (1) (240 SE2d 100).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED
OCTOBER 12, 1978.

*Hudson & Montgomery, David R. Montgomery,* for
appellant.
*Cook, Noell, Bates & Warnes, James C. Warnes,* for
appellees.