## 57589. BLATT v. BERNATH.

SMITH, Judge.

We find no error in the trial court's judgment denying appellant's motion to set aside a default judgment. Appellant's enumerations of error based upon the court's denial of the motion are therefore meritless, and we affirm the judgment of the trial court.

On February 22, 1974, appellee Bernath sold certain real property to an entity known as Capital Land Investors, Inc. As consideration for its purchase, the corporation delivered to appellee a promissory note in the amount of $174,300, secured by a deed to secure debt conveying title in the property to appellee. Subsequent to the closing, appellee paid his broker, Roy D. Warren Company, Inc., with a note evidencing his promise to pay the broker a total of $4,648. That amount was to be payable in three installments, with one-third of the principal amount due on February 22, 1975, and on February 22 of the two succeeding years.

Then, on July 2, 1974, appellee conveyed to appellant Blatt the Capital Land Investors note and security deed. That conveyance was made subject to an option, in favor of appellee, to repurchase the note and deed. Appellant sold the note and deed to another person, and, as a result, appellee filed this suit against appellant and six others. Two of the others were never served with process, appellee voluntarily dismissed one, and the remaining three were granted summary judgment. Appellant went into default and, upon presentation of the damages issue to a jury, suffered a default judgment in the amount of $144,124.64 actual damages and $42,500 punitive damages.

Appellee's complaint alleged: ". . . Benjamin Blatt, in violation of Bernath's rights under the said agreement of option . . . sold and transferred the Purchase Money Note and Deed [attached to the complaint] to a person or persons whose identity defendant Blatt has indicated he is 'unable to remember' . . . On information and belief

Bernath alleges that defendants individually and in certain combinations with others aiding and acting in concert with them, acquired the Property and the Purchase Money Note and Deed for the purpose of depriving Bernath of his right and interest in and to the Purchase Money Note, the Deed and the Property, and further with the intent of compelling Bernath to pay the Broker's Note while denying him the right to obtain the funds with which to pay the same from the proceeds of the Purchase Money Note or proceeds of resale of the Property." The complaint demanded relief "against all defendants jointly and severally in the amount of $1,000,000.00 for punitive damages" and "against defendant Blatt, individually, in the amount of $200,864.00" in actual damages.

The option contract was attached to the complaint as an exhibit, and it provided that appellee's right to repurchase was contingent upon the payments being made on the Warren note. Also attached as an exhibit to the petition was a letter written to appellee by one of the defendants, which stated: ". . . This letter shall serve as notice that the February 22, 1976, installment of principal and interest as evidenced by your promissory note to Roy D. Warren Company, Inc. subsequently transferred and assigned to The Lynx Corporation dated February 22, 1974, in the original principal amount of $4,648.00 (copy enclosed) which calls for three equal annual installments of $1,549.33 plus 7 1/2% interest on the outstanding principal balance, is past due. Therefore, The Lynx Corporation, as holder of said note, declares the maker, Mr. Joe Bernath, in default under the provisions of the note and hereby exercises its right to accelerate the entire unpaid principal sum of the note, together with all accrued interest to date."

The jury returned a verdict awarding the damages noted above. Their verdict also stated appellant had "defrauded" appellee. About eleven months after the court entered judgment on the verdict, appellant moved to set the judgment aside.

1. Appellant contends there is a nonamendable defect apparent on the face of the record or pleadings and that, under CPA § 60 (d) (Code Ann. § 81A-160 (d)), the

court should have granted his motion. He predicates this contention, first of all, on the basis of the letter attached to the complaint, which suggested that appellee had not performed the condition precedent to exercise of the option to repurchase and which, appellant asserts, constituted an admission in judicio binding upon appellee. Assuming that contention was otherwise meritful, it must fail here, as the alleged defect was amendable.

As held in *Summerlot v. Crain-Daly Volkswagen, Inc.,* 238 Ga. 546 (1) (233 SE2d 749) (1977), it is not the law under the Civil Practice Act that exhibits attached to a complaint constitute admissions in judicio and prevent the pleader from showing to the contrary. Upon presentation of evidence, without objection, proving the performance of the condition precedent, the pleadings would have been amended accordingly. Ibid. Furthermore, even though affidavits presented by other defendants might contain evidence weighing against appellee's claim, they do not present a nonamendable defect. *Orkin Exterminating v. Townsend,* 136 Ga. App. 50 (1) (220 SE2d 14) (1975). The alleged defect having been amendable, appellant's contention has no merit.

2. Appellant next contends his motion should have been allowed because the verdict stated he was liable for fraud and thus the default judgment based thereon was in violation of CPA § 54 (c) (1) (Code Ann. § 81A-154 (c) (1)), which provides: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment . . ." We disagree. The complaint sufficiently alleged entitlement to relief in tort, with actual and punitive damages as the compensation sought. Compare *Dempsey v. Ellington,* 125 Ga. App. 707 (188 SE2d 908) (1972). Thus the petition put appellant on notice of the potential adverse award that his default would induce and the judgment did not contravene the purpose of CPA § 54 (c) (1). See *Dempsey,* supra.

3. Neither is appellant's motion to set aside cognizable as one addressing itself to the inherent power of the trial court. See *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (1) (240 SE2d 100) (1977). This is so for two reasons. First of all, the default judgment was

based upon a jury verdict assessing damages. *Edwards v. Yelverton,* 147 Ga. App. 525 (249 SE2d 334) (1978). Secondly, the motion was filed at a term of court subsequent to the term at which the final judgment was rendered. *Holloman v. Holloman,* 228 Ga. 246 (2) (184 SE2d 653) (1971); *Allen v. Allen,* 218 Ga. 364 (127 SE2d 902) (1962). "The trial court was not authorized at a subsequent term of court to set aside a final judgment rendered at a prior term except as provided in Code Ann. § 81A-160." *Holloman,* supra, p. 248. See also *Haraszti v. Feathers,* 141 Ga. App. 253 (233 SE2d 242) (1977), where a motion seeking to set aside a judgment rendered at a prior term, which motion was not within the ambit of CPA § 60, was held to be untimely.

As we have indicated, appellant's motion did not show a nonamendable defect appearing upon the face of the record or pleadings. Appellant makes no contention that CPA § 60 otherwise applies. And, any construction of the motion which brings it without the scope of CPA § 60 ultimately leads to the conclusion that it was untimely. See *C. & S. National Bank v. Burden,* 145 Ga. App. 402 (244 SE2d 244) (1978).

4. The remaining enumeration of error is moot.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 4, 1979 — DECIDED SEPTEMBER 4, 1979.

*Dick Wilson, Jr.,* for appellant.
*G. Roger Land, John Robinson,* for appellee.