## 57717. PATTERSON et al. v. COMMERCIAL UNION INSURANCE COMPANY.

SHULMAN, Judge.

Plaintiff-appellee Commercial Union Insurance Company brought suit for declaratory judgment to determine whether an automobile liability insurance policy issued to defendant-appellant Derrall Zane Patterson (hereinafter "Zane Patterson"), d/b/a B & D Salvage Sales, covered claims made against defendant-appellant Derrall Steve Patterson (hereinafter "Steve Patterson") for his alleged negligent operation of a vehicle of B & D Salvage Sales. The trial court granted plaintiff's motion for summary judgment on the basis of an exclusion endorsement executed by Zane Patterson, which endorsement, the court held, excluded Steve Patterson from coverage while operating vehicles of B & D Salvage Sales. On appeal, we affirm.

1. Appellants contend that as the Motor Vehicle Safety Responsibility Act (F. L. Ch. 92A-6; Ga. L. 1951, pp. 565, 568, as amended through 1964, pp. 224, 226) (now Code Ann. Ch. 68C-3; Ga. L. 1977, p. 1014 et seq., as amended), in conjunction with the Georgia Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B; Ga. L. 1974, p. 113 et seq., as amended) (the "no fault" Act), requires insurance coverage for Steve Patterson, an endorsement excluding him from coverage is void as against public policy. We disagree.

"In essence, [appellants] . . . have taken the position that this state requires no-fault coverage in a minimum amount and where an exclusionary clause in a policy of auto insurance issued in this state excludes coverage upon an auto driven in this state that is required to be covered by law, such exclusionary clause is void as being in conflict with the statute. The argument posits that if insurance is required and there [can be] no valid exclusion, a fortiori coverage is present." *Standard Guar. Ins. Co. v. Davis,* 145 Ga. App. 147, 149 (243 SE2d 531).

Appellants fail to recognize the parameters of the no-fault law and the distinction between liability and no-fault coverage in an automobile insurance policy. Liability coverage connotes, by its very terms, a broad

duty or responsibility to a person other than the insured. No-fault insurance, on the other hand, by definition is limited to personal injury protection for specific individuals, those individuals designated "insureds" under Code Ann. § 56-3402b (b). *Standard Guar. Ins. Co.,* supra. Personal injury protection, i.e., no-fault protection under the Code, extends only to the named insured, resident member of his family, persons in the insured car, and pedestrians struck by the insured car. See Code Ann. § 56-3402b (b).

As the injured party in the case at bar is not an "insured" under § 56-3402b (b) (as he was the driver of another vehicle at the time his automobile collided with the B & D Salvage Sales vehicle driven by appellant-Steve Patterson), the insurer is not required by reason of the no-fault law to provide coverage for his claims. If the insurer is liable at all for injuries allegedly sustained by the injured party, such liability must be predicated on the coverage afforded by the liability provisions of the policy. *Allstate Ins. Co. v. Skinner,* 150 Ga. App. 106 (1979). An examination of the policy's liability coverage reveals that this particular party's claims are not insured by Commercial Union.

The exclusion endorsement executed by Zane Patterson plainly and unambiguously excludes the insurer from liability for damages arising out of Steve Patterson's operation of a vehicle of B & D Salvage Sales. In accordance with appellee's contentions, then, Commercial Union Insurance Company cannot be held liable, under either the provisions of no-fault or the liability provisions of the policy itself for damages resulting from Steve Patterson's operation of a vehicle of B & D Salvage Sales.

2. As appellant-Zane Patterson admits the receipt of a return premium of $255 upon his execution of the endorsement excluding Steve Patterson from coverage under the policy, we find no merit in his contentions of a lack of consideration for his endorsement. *Adair v. American Liberty Ins. Co.,* 116 Ga. App. 805 (2) (159 SE2d 174).

3. The premium of $3.15 charged to appellant-Zane Patterson provided insurance protection for Steve

Patterson only while operating a vehicle *not owned* by the appellant-Zane Patterson. As appellant-Steve Patterson was driving a vehicle owned by Zane Patterson (d/b/a D & B Salvage Sales) at the time of the collision, he was not within the coverage afforded by the insured's payment of the $3.15 premium. The provisions of the exclusionary clause precluding the insurer from liability therefore control.

4. Appellants contend that as appellee failed to diligently bring suit for declaratory judgment, it is estopped from asserting non-coverage.

Contrary to appellants' assertions, the procedure followed by appellee complied with the requirements of the law. Appellee was entitled, while defending under a reservation of rights agreement with appellants, to seek a declaratory judgment to determine its contractual liability. *Southern Trust Ins. Co. v. Eason,* 134 Ga. App. 827 (216 SE2d 667).

As we find no grounds for reversal, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

Submitted April 11, 1979 — Decided September 4, 1979.

*James H. Weeks,* for appellants.
*Robert P. Bleiberg, E. Wayne Wallhausen,* for appellee.