## 58312. HUGHES v. POWELL.

SMITH, Judge.

Appellant brought an action on a check. Appellee filed an answer, but failed to appear in court. On September 18, 1978, the trial court entered a default judgment against appellee. On November 9, 1978, during a subsequent term of court (see Ga. L. 1964, pp. 2032, 2036), the trial court vacated its judgment and, on April 4, 1979, entered judgment on the merits in favor of appellee. We reverse.

1. With few exceptions, a judgment may not be set aside beyond the term in which it is rendered. *Kiplinger v. Nature Island, Inc.,* 149 Ga. App. 103, 104 (253 SE2d 569) (1979); CPA § 60 (Code Ann. § 81A-160). Since the default judgment entered in this case does not fall within any of these exceptions, the trial court erred in vacating the judgment during a subsequent term of court. Appellant's remedy, if any, lies in Code Ann. § 81A-160(e), *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402, 406 (244 SE2d 244) (1978).

2. Appellee's contention that once appellant ob-

tained a certificate of immediate review, she was bound to pursue an interlocutory appeal or otherwise forfeit her right to appeal is worthy of mention solely on account of its novelty. As a legal argument, it is wholly without merit.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED JANUARY 7, 1980.

*John B. Degonia,* for appellant.
*William E. Frey,* for appellee.