59843. MITCHELL v. CITY OF ST. MARYS et al.
59844. CITY OF ST. MARYS v. MITCHELL.

CARLEY, Judge.

Appellant-Mitchell, plaintiff below, filed suit against the appellee-City of St. Marys (City) and an employee of the City, Tony Weaver. Mitchell's complaint alleged that "[a]t approximately 8:30 o'clock p.m., on the 30th day of August, 1977, the defendant Tony Weaver, who was employed by the defendant, the City of St. Marys, backed a truck containing an insect fogger device up to the building where plaintiff was employed and sprayed plaintiff with a highly poison and toxic chemical which plaintiff could not avoid inhaling and which caused severe chemical reaction within plaintiff's body and lungs resulting in her total disability . . ." Mitchell sought recovery of $750,000 for loss of wages, pain and suffering and medical expenses.

The City answered, asserting several defenses to the action, including governmental immunity and the failure of Mitchell's ante litem notice to comply with the requirements of Code Ann. § 69-308. The City then moved for judgment on the pleadings. The trial court found that Mitchell's ante litem notice was in substantial compliance with the Code section and denied the motion on that ground. However, the motion was granted on the ground that the City, in spraying insecticide for the purpose of killing mosquitoes, was performing a governmental function and was, therefore, immune

from Mitchell's suit under Code Ann. § 69-301. In Case Number 59843 Mitchell appeals from the grant of the City's motion for judgment on the pleadings on the governmental immunity grounds. In Case Number 59844 the City cross appeals from the denial of its motion upon the asserted inadequate ante litem notice grounds.

1. As ante litem notice is a prerequisite to Mitchell's suit against the City and if the motion should have been granted on this ground the main appeal will be mooted, we address the cross appeal in this case first.

The record demonstrates that within six months of the happening of the event upon which Mitchell's claim was predicated, the following letter was sent by her attorney to the Mayor of the City:

"Please take notice that I have been retained to represent Martha Mitchell in the matter of a suit against the City of St. Marys, Georgia. Her injuries arose out of a chemical insecticide being sprayed by one of the City's employees into the area where she was working by one of the City's mosquito sprayers on the 30th day of August, 1977 and she was hospitalized for injuries to her lungs. This demand is made in compliance with Ga. Code Section 69-308 Acts 1899, P.74; [1953], Nov. S., P. 338; 1956, P. 183, 184."

Code Ann. § 69-308 requires that one having a claim for money damages against a municipal corporation on account of injuries to person or property shall first give, within six months from the time the claim arose, written notice of the claim "to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same . . . " While the notice in the instant case approaches the outside permissible parameters of Code Ann. § 69-308, we hold it to be in "substantial" compliance with the statute. *Maryon v. City of Atlanta,* 149 Ga. 35 (99 SE 116) (1919); *City of Atlanta v. Fuller,* 118 Ga. App. 563 (164 SE2d 364) (1968); *Washington v. City of Columbus,* 136 Ga. App. 682, 690 (5a) (222 SE2d 583) (1975). It was, therefore, not error to deny the motion for judgment on the pleadings on the grounds of insufficient ante litem notice.

2. We turn to the issue presented in the main appeal — whether the motion was properly granted on the basis of governmental immunity. "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskillful performance of their ministerial duties, they shall be liable." Code Ann. § 69-301. As noted, Mitchell's complaint alleged that her claim arose as the result of inhaling poison and toxic chemical insecticide being sprayed from an insect fogger device by the City's employee,

acting in the course of his employment. "The accumulation of garbage, of substances offensive to the sense of smell, of substances which, if permitted to remain, would poison the atmosphere and breed diseases infectious and contagious among the inhabitants of the city, may well be said to endanger the public health. The preservation of the public health involves the removal of those causes which are calculated to produce disease." *Love v. City of Atlanta,* 95 Ga. 129, 134 (22 SE 29) (1894). "The preservation of the public health is a governmental function. [Cit.]" *Barr v. City Council of Augusta,* 206 Ga. 750 (1) (58 SE2d 820) (1950). See also *Nisbet v. City of Atlanta,* 97 Ga. 650 (25 SE 173) (1895); *Watson v. City of Atlanta,* 136 Ga. 370 (71 SE 664) (1911); *Mayor &c. of Savannah v. Waters,* 33 Ga. App. 234 (125 SE 772) (1924). Mitchell's complaint alleges injuries which were sustained as the result of the City's performance of a governmental function.

Mitchell, however, contends that even if spraying for mosquito eradication is a governmental function, the City's motion for judgment on the pleadings was nonetheless erroneously granted. She relies upon Code Ann. § 56-2437 in this argument. That statute authorizes municipalities to secure insurance to cover liability for damage "arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation, . . ., under its management, control or supervision, whether in a governmental undertaking or not . . . " Subsection (2) of that statute further provides that whenever a municipality purchases such insurance, "its governmental immunity shall be waived to the extent of the amount of insurance so purchased." Mitchell urges that since she has alleged the liability of the City for injuries resulting from being sprayed with insecticide from a City truck, there would be a waiver of governmental immunity to the extent that the City had secured liability insurance pursuant to Code Ann. § 56-2437. The City did not allege below, nor urge on appeal, the non-existence of such liability insurance. It contends, and the trial court agreed, that the existence of insurance pursuant to Code Ann. § 56-2437 has no application in the instant case. It is urged that Mitchell's injury, alleged to be the result of spraying from the truck rather than the result of a more direct contact with the truck in its capacity as a "motor vehicle," is not such an activity as is contemplated by insurance secured pursuant to Code Ann. § 56-2437 — "ownership, maintenance, operation, or use of any motor vehicle." In short, the city defends its grant of judgment on the pleadings on the ground that Mitchell's alleged injuries are not such as would be covered under a policy of insurance procured under the statute. *Winston v. City of Austell,* 123 Ga. App. 183 (179 SE2d 665) (1971). We find the City's argument in

this regard to be unpersuasive.

The pleadings in this case create no factual dispute as to Mitchell's allegations that she was injured when a truck under the City's management, control or supervision, and "containing an insect fogger device" sprayed her with insecticide. It is our opinion that the complaint is sufficient to allege that Mitchell's injuries could be covered under a policy of insurance affording coverage for liability for damages arising from the "operation" or "use" of the truck. *Assurance Co. of America v. Bell,* 108 Ga. App. 766, 772 (3) (134 SE2d 540) (1963). " 'Exact definition of the term "use" is elusive, and is not capable of a definition which will leave everyone "comfortable." Whether or not an injury arose from the "use" of a motor vehicle within the contemplation of a liability policy or statute depends upon the factual context of each case. In this setting the term does not imply "remoteness," but does extend beyond actual physical contact. And it would seem to extend at least to the point, beyond physical contact, where control over the instrumentality is easily or reasonably at hand, and particularly when it is still being "utilized." ' " *Hartford Acc. &c. Co. v. Booker,* 140 Ga. App. 3, 4 (230 SE2d 70) (1976). It follows that where a truck is being used for mosquito eradication, damages resulting from the spraying of insecticide from that truck are injuries arising by reason of the "use" of that truck. It was, therefore, error to grant the motion for judgment on the pleadings for the reason urged by the City. Mitchell's complaint alleges the liability of the City for injuries arising from a governmental undertaking but an undertaking which involved the "use" of a motor vehicle. Therefore, should Mitchell prove her allegations and should there exist insurance pursuant to Code Ann. § 56-2437 insuring the City as to liability for injuries sustained, a recovery to the extent of that coverage would be authorized. Cf. *Hartford Acc. &c. Co. v. Booker,* supra. It cannot be said that Mitchell would not be entitled to relief under *any* state of facts which could be proved in support of her claim. *Snooty Fox, Inc. v. First American Invest. Corp.,* 144 Ga. App. 264 (241 SE2d 47) (1977).

*Judgment in Case No. 59843 reversed. Judgment in Case No. 59844 affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED MAY 12, 1980 — DECIDED SEPTEMBER 9, 1980 —

*Richard D. Phillips,* for appellant.
*Michael B. Perry,* for appellees.