63701. HUNTER v. BIG CANOE CORPORATION et al.

BIRDSONG, Judge.
Timeliness of Notice of Appeal. On July 24, 1976 Peter Hunter, appellant's son, was killed while operating one of appellees' (Big Canoe Corporation's) golf carts when it overturned and caused him fatal head injuries. Mrs. Hunter filed suit on July 20, 1978, alleging negligence in the maintenance and operation of the cart and the golf course. Big Canoe answered the complaint on August 24, 1978. After appropriate discovery in the instant suit and a related suit, Big Canoe filed for summary judgment on September 26, 1980. No responsive pleadings were filed to the motion for summary judgment by Mrs. Hunter although rules of Fulton County Superior Court required responsive pleadings within 30 days of the filing of a motion for summary judgment. After the lapse of 60 days, the trial court granted Big Canoe summary judgment on November 26, 1980. Seven months later, on June 26, 1981, after retaining different counsel, Mrs. Hunter filed a motion for reconsideration of the grant of summary judgment. This motion for reconsideration was denied on September 25, 1981 on the ground that the motion was improvidently filed not only seven months after the final action of the trial court but well after the end of the term in which that final action had been taken. Lastly, on October 21, 1981, the trial court entered an order, nunc pro tunc to the order of September 25, granting summary judgment once again to Big Canoe. Mrs. Hunter filed her notice of appeal on October 23, 1981 to the grant of summary judgment filed on November 26, 1980, as amended by the orders of September 25, 1981 and October 21, 1981. She enumerates four alleged errors raising issues of a "default" summary judgment, grant of summary judgment in an alleged negligence case, the propriety of the nunc pro tunc grant of summary judgment over a year later, and the evidentiary sufficiency of the ruling. *Held:*

Mrs. Hunter is faced with a jurisdictional problem. Has she properly invoked appellate jurisdiction? The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this court. *Dargan, Whitington & Conner v. Kitchen,* 138 Ga. App. 414, 417 (1) (226 SE2d 482). The rules of this court require a notice of appeal to be filed in this court within 30 days of the rendition of a final action by the trial court. Code Ann. § 6-803. A motion for reconsideration is not one of those motions that will automatically extend the number of days allowed for filing a notice of appeal. *Lawler v. Georgia Mut. Ins. Co.,* 156 Ga. App. 265, 266 (276 SE2d 646); *Security Branding v. Corbitt,* 144 Ga. App. 164 (240 SE2d 728). Were the rule otherwise, appellant still failed to file a motion for reconsideration for seven months, well after the 30 days allowed a notice of appeal. Even if appellant could have found refuge in a timely filing from the date of the court's order denying the motion for reconsideration of September 25, 1981 (less than 30 days preceding the filing of her notice of appeal), Mrs. Hunter's notice of appeal falls victim to the rule that a trial judge's authority to reconsider, vacate, substantially modify, correct other than a recording error, or otherwise alter a judgment ends with the conclusion of the term in which the judgment was entered. *Hughes v. Powell,* 152 Ga. App. 851 (264 SE2d 303); *Blatt v. Bernath,* 151 Ga. App. 69, 71 (3) (258 SE2d 735); *Burnett v. American Mut. Liability Ins. Co.,* 147 Ga. App. 269, 270 (248 SE2d 510).

For either of these two reasons, Mrs. Hunter has not providently filed her notice of appeal so as to invoke the jurisdiction of this court thus precluding our consideration of her provocative enumerations of error. In the absence of a proper notice of appeal, Mrs. Hunter's appeal must be dismissed.

*Appeal dismissed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 21, 1982 —
REHEARING DENIED JUNE 18, 1982 —

*Robert P. Wilson, W. John Wilson,* for appellant.
*James B. Hiers, Jr., Robert A. Wharton, Jr.,* for appellees.