### 66168. MITCHELL v. HARTFORD ACCIDENT & INDEMNITY COMPANY.

CARLEY, Judge.
The instant appeal is the second appearance of this case before us. In *Mitchell v. City of St. Marys,* 155 Ga. App. 642 (271 SE2d 895)

(1980) appellant-Mitchell appealed from the grant of judgment on the pleadings to the defendant-City of St. Marys (City) in her tort action. The motion for judgment on the pleadings had been granted on the basis that Mitchell's injuries had been sustained as the result of the City's performance of a governmental function, that being mosquito eradication, and that governmental immunity was therefore a bar to her action against the municipality. On appeal, we agreed with the City's contention that mosquito eradication is a governmental function. However, the grant of the City's motion for judgment on the pleadings was reversed because, as against such a motion, Mitchell's complaint was sufficient to allege that her injuries "could be covered under a policy of insurance affording coverage for liability for damages arising from the 'operation' or 'use' of the [City's] truck [for mosquito eradication]." *Mitchell v. City of St. Marys,* supra at 645. Under these circumstances, "should Mitchell prove her allegations and should there exist insurance pursuant to [OCGA § 33-24-51 (Code Ann. § 56-2437)] as to liability for injuries sustained, a recovery to the extent of that coverage would be authorized. [Cit.] It cannot be said that Mitchell would not be entitled to relief under *any* state of facts which could be proved in support of her claim. [Cit.]" *Mitchell v. City of St. Marys,* supra at 645.

The question in the instant appeal is essentially whether, under the facts regarding the City's insurance which have been proven and made of record subsequent to our original opinion in this case, Mitchell is entitled to recover against the City. That issue arises in the following context: When the case was returned to the trial court, the City impleaded its automobile liability insurer, appellee-Hartford Accident and Indemnity Company (Hartford), into the action as a third-party defendant. Hartford then moved for summary judgment, relying upon that language of its policy with the City which excluded from liability coverage thereunder bodily injury "arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental." The trial court granted summary judgment in favor of Hartford on the basis that, under the uncontroverted evidence, Mitchell's injury was within the above quoted policy exclusion and that no liability coverage would be afforded to the City therefor. It is from this order that Mitchell appeals.

1. The first issue which must be resolved is whether this court

has jurisdiction to decide the instant appeal. The question is whether Mitchell, the plaintiff in the underlying action, has standing to appeal from the grant of summary judgment to Hartford, the defendant in the third-party proceeding. See *Davidson v. State Farm Mut. Auto. Ins. Co.,* 161 Ga. App. 21, 22 (1) (288 SE2d 832) (1982). Mitchell, unlike the plaintiff in the *Davidson* case, has no enforceable claim in the main action if the City is afforded no liability coverage by Hartford. If no coverage exists, the City's municipal immunity has not been waived pursuant to OCGA § 33-24-51 (Code Ann. 56-2437), and Mitchell's claim will be barred because of the City's assertion of that immunity defense in the main action. See *Central of Ga. R. Co. v. Schnadig Corp.,* 139 Ga. App. 193, 194-195 (1,2) (228 SE2d 165) (1976). Accordingly, because municipal immunity would be an absolute defense to Mitchell's claim against the City and because the grant of summary judgment to Hartford effectively establishes the viability of that defense, we find that Mitchell is an "aggrieved" party with standing to bring the instant appeal.

2. In the prior appeal in this case, there was absolutely no evidence concerning the existence of liability insurance and, as noted above, we held that Mitchell's complaint was sufficient to allege that her injuries "*could be covered* under a policy of insurance" secured by the City pursuant to OCGA § 22-24-51 (Code Ann. § 56-2437) "affording coverage for liability for damages arising from the 'operation' or 'use' of the truck. [Cit.]" (Emphasis supplied.) *Mitchell v. City of St. Marys,* supra at 645.

Now, it has been established that the City does in fact have a liability policy. However, even if insurance has been purchased by a municipality, should the occurrence giving rise to the suit against it be within an exclusion from the coverage afforded by the policy, governmental immunity remains a viable defense. See *Central of Ga. R. Co. v. Schnadig Corp.,* supra at 194-195 (1,2). OCGA § 33-24-51 (Code Ann. § 56-2437) provides that municipalities may secure and provide insurance "to cover *liability*" and that "governmental immunity shall be waived *to the extent of the amount of insurance so purchased.*" (Emphasis supplied.)

Mitchell does not assert that, on its facts, the occurrence giving rise to her injuries does not come within the relevant exclusionary language in the City's policy with Hartford. What Mitchell contends is that the exclusionary provision is void and unenforceable because it is in conflict with the provisions of the Georgia "No-Fault" Act, OCGA § 33-34-1 et seq. (Code Ann. §§ 56-3401b—56-3410b, 56-3412b—56-3417b). Thus, under Mitchell's interpretation, the City has secured a policy of insurance in which the ostensibly relevant exclusionary provision is void. Under these circumstances, she

asserts that her injuries must therefore be covered under the liability policy because there is no valid relevant exclusion therein, and the City has accordingly waived governmental immunity as a defense to the full extent of the policy limits on liability coverage.

"It is necessary to draw [a] distinction between liability coverage and no-fault coverage in order to deal with the contentions of the parties to this appeal." *Standard Guaranty Ins. Co. v. Davis,* 145 Ga. App. 147, 149 (243 SE2d 531) (1978). Mitchell's argument does not "recognize the parameters of the no-fault law and the distinction between liability and no-fault coverage in an automobile insurance policy. Liability coverage connotes, by its very terms, a broad duty or responsibility to a person other than the insured. No-fault insurance, on the other hand, by definition is limited to personal injury protection for specific individuals, those individuals designated 'insureds' under [OCGA § 33-34-2 (Code Ann. § 56-3402b)]. [Cit.] Personal injury protection, i.e., no-fault protection under the Code, extends only to the named insured, resident member of his family, persons in the insured car, and pedestrians struck by the insured car. [Cit.]" *Patterson v. Commercial Union Ins. Co.,* 151 Ga. App. 86-87 (258 SE2d 748) (1979).

Mitchell's suit is against the City and is being pursued by her in the capacity of the victim of an alleged tort. She is not suing Hartford in the capacity of an insured under the no-fault provisions of a policy. In these circumstances, it is clearly those portions of the policy dealing with general liability coverage, rather than those relating to no-fault coverage, which are determinative of Mitchell's right to maintain the instant action. Therefore, the legal principles relating to no-fault coverage are not applicable to and do not affect Hartford's obligation to the City pursuant to the applicable general liability provisions of the policy. "[N]o-fault coverage does not infringe upon the liability provisions of an automobile insurance policy. 'Expressions of liability to another are totally inconsistent with expressions of payment for injuries without regard to fault, especially where personal injury payments are available to only a limited class of persons.' [Cit.]" *Fox v. Stanish,* 150 Ga. App. 537, 538 (258 SE2d 190) (1979). "[N]o-fault principles apply only to the no-fault provisions of the policy . . ." *Standard Guaranty Ins. Co. v. Davis,* supra at 150. "If the insurer is liable at all for injuries allegedly sustained by the injured party, such liability must be predicated on the coverage afforded by the liability provisions of the policy. [Cit.]" *Patterson v. Commercial Union Ins. Co.,* supra at 87. Therefore, Mitchell cannot rely upon inapplicable "no-fault" principles to assert that the exclusion from liability coverage is void. *Standard Guaranty Ins. Co. v. Davis,* supra; *Allstate Ins. Co. v. Skinner,* 150 Ga.

App. 106 (257 SE2d 4) (1979); *Fox v. Stanish,* supra; *Patterson v. Commercial Union Ins. Co.,* supra. Thus, even assuming that Hartford might "be liable to pay PIP benefits to the plaintiff, it is entitled to invoke the . . . exclusion to avoid liability in the negligence suit against [the City]. [Cit.]" *Allstate Ins. Co. v. Skinner,* supra at 107.

The evidence shows that Mitchell's suit against the City clearly comes within an exclusion from the liability coverage of the City's policy with Hartford. The trial court did not err in granting Hartford summary judgment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 23, 1983 — 

*Richard D. Phillips,* for appellant.
*Stanley M. Karsman, Kenneth L. Royal,* for appellee.
*Stephen L. Berry,* amicus curiae.