## 66274. STONECYPHER v. THE STATE.

POPE, Judge.

On May 11, 1981 appellant, Spurgeon Stonecypher, was arrested in Fulton County for driving under the influence of alcohol. On March 17, 1982 appellant, representing himself, entered a plea of nolo contendere and was sentenced to twelve months probation and a $250.00 fine. On January 10, 1983, ten months after the final action of the trial court and well after the end of the term in which that final action had been taken, appellant filed a motion to review this case. On that same day the trial court issued an order dismissing the motion for failure to timely file within the court term the final judgment had been entered, and for failure to file in accordance with local rules. On January 12, 1983 appellant filed his notice of appeal. *Held:*

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this court. [Cit.] The rules of this court require a notice of appeal to be filed in this court within 30 days of the rendition of a final action by the trial court. [OCGA § 5-6-38 (Code Ann. § 6-803).] A motion for reconsideration is not one of those motions that will automatically extend the number of days allowed for filing a notice of appeal. [Cits.]" *Hunter v. Big Canoe Corp.,* 162 Ga. App. 629, 630 (291 SE2d 726) (1982); *Henry v. State,* 148 Ga. App. 712 (252 SE2d 179) (1979). See also *Hester v. State,* 242 Ga. 173 (249 SE2d 547) (1978). In the case at bar appellant did not file his motion to review or reconsider for 10 months, well after the 30 days allowed for notice of appeal. "Even if appellant could have found refuge in a timely filing from the date of the court's order denying the motion for reconsideration of [January 10, 1983] . . ., [his] notice of appeal falls victim to the rule that a trial judge's authority to reconsider, vacate, substantially modify, correct other than a recording error, or otherwise alter a judgment ends with the conclusion of the term in which judgment was entered." *Hunter v. Big Canoe Corp.,* supra at 630. Because this appeal was not properly and timely filed so as to invoke the jurisdiction of this court, it must be dismissed.

*Appeal dismissed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 3, 1983.

Spurgeon Stonecypher, *pro se.*
*James L. Webb, Solicitor,* for appellee.