68736. COTTON STATES MUTUAL INSURANCE COMPANY
v. NEESE et al.
(325 SE2d 431)

McMurray, Chief Judge.

On or about March 27, 1981, a 1972 Plymouth Barracuda automobile driven by Christopher Leon Neese and occupied by George Tony Byers and Brad E. Longwith collided with another automobile driven by Danny Clyde Blalack. As a result of the collision, the three people in the Barracuda automobile were injured and Danny Clyde Blalack was killed. Subsequently, on or about September 1, 1981, Cotton States Mutual Insurance Company (Cotton States), the insurer of the Barracuda automobile in question, filed a declaratory judgment action to determine the extent, if any, of its liability. In its petition, Cotton States makes reference to a certain exclusionary clause contained in the automobile liability policy in issue. This exclusionary clause reads in pertinent part as follows: "This policy does not apply under Part I [the liability coverage section]: . . . (k) to any automobile while used by any insured [i.e., Christopher Leon Neese] . . . while attempting to avoid apprehension or arrest . . ." Cotton States contends that under the above exclusionary clause and in light of the fact that the automobile in question was being used by Christopher Leon Neese "while attempting to avoid apprehension or arrest," it was exempt from providing any liability coverage whatsoever.

On or about May 28, 1982, Janet E. Blalack, individually and as administratrix of the estate of Danny Clyde Blalack, filed a "MOTION FOR JUDGMENT ON THE PLEADINGS" in the Superior Court of Cherokee County, Georgia. In this motion, Blalack contended "as a matter of law that the referenced exclusion violates the public policy of this state and is therefore void." In response, Cotton States filed its own motion for judgment on the pleadings, arguing that "said exclusion [was] not violative of public policy." On August 9, 1982, the trial court, after having read and considered the motions of both parties, concluded that the exclusionary clause in issue was not void as against public policy. Accordingly, the trial court ordered

that Blalack's motion be denied and that the motion of Cotton States, "as regards the public policy question only," be granted. Thereafter, on September 9, 1983, Blalack filed a "RENEWAL OF MOTION FOR JUDGMENT ON THE PLEADINGS," again asking the court to find "as a matter of law that the referenced exclusion violates the public policy of this state and is therefore void." The trial court (different from the judge presiding on August 9, 1982), reserved ruling on the motion until after the outcome of the trial. None of the parties objected to this reservation. Thereafter, on November 2, 1983, the jury entered its verdict finding that "[a]t the time of the wreck in question . . . the automobile driven by Christopher Leon Neese [was] being used while attempting to avoid apprehension or arrest . . ." Subsequently, but before judgment was entered on the above jury verdict, the trial court considered Blalack's "RENEWAL OF MOTION FOR JUDGMENT ON THE PLEADINGS," and on January 26, 1984, in its order determined that "the exclusion in question is against the public policy of the State of Georgia." In accordance with this finding, the court granted Blalack's motion and directed the clerk of the court to enter a judgment in favor of the defendants. This appeal followed. *Held*:

1. Cotton States contends that the trial court erred in considering Blalack's "RENEWAL OF MOTION FOR JUDGMENT ON THE PLEADINGS." Cotton States argues that the trial court's authority to reconsider, vacate, substantially modify, correct other than a recording error, or otherwise alter a judgment ends with the conclusion of the term in which the judgment was entered. *Hunter v. Big Canoe Corp.*, 162 Ga. App. 629, 630 (291 SE2d 726). As the trial court in this case considered Blalack's "RENEWAL MOTION" after the conclusion of the term in which Cotton States' motion for judgment on the pleadings "as regards the public policy question only" was granted, Cotton States contends that the court's January 26, 1984 order, entering judgment on the pleadings, this time in favor of the defendants, should be reversed. Cotton States' contention is without merit.

"The general rule is that courts, while a cause is pending before them, have control over the record and proceedings, their orders and judgments, during the term; and after the term if the cause is still pending before them, and may amend or set them aside . . . 'The superior court has plenary power over its orders and judgments during the term at which they are entered, and may amend, correct, or revoke them, for the purpose of promoting justice.' *Deen v. Baxley State Bank*, 192 Ga. 300, 303 (15 SE2d 194). However, an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending. *Union Circulation Co. v. Trust Co. Bank*, 143 Ga. App. 715, 717 (1) (240 SE2d 100), Div. 2, revd. 241 Ga. 343." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 823

(318 SE2d 657). In the case sub judice, the first trial judge concluded that the exclusionary clause in issue was not void as against public policy. Accordingly, he ordered that Blalack's judgment on the pleadings motion be denied and that Cotton States' motion for judgment on the pleadings "as regards the public policy question only," be granted. As this amounted to an interlocutory order (see *Rockmart Finance Co. v. High*, 118 Ga. App. 351 (163 SE2d 758)), and as the subject cause remained pending, we conclude, under the above authority, that the trial judge subsequently considering the case did not err in his reconsideration of the prior ruling (by the first judge) after the end of the term. Our conclusion is further supported by *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 824, supra, in which the court, citing Professor Moore, author of Moore's Federal Practice, states that it has been found that " '[t]here is no jurisdictional inhibition to reconsideration (of a prior ruling by a different judge), . . . and a trial judge should not court reversal because of the erroneous ruling of another judge any more than because of an erroneous ruling of his own.' [Cit.]" The reasoning is "that the second judge must conscientiously carry out his judicial function in any case in which he is presiding and he would not fulfill his sworn duty if he found a prior ruling to be erroneous and permitted it to control the case." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 824, supra. Moreover, it has also been found "that where a second judge to whom a case has been assigned after the first judge has denied summary judgment [here, Blalack's "MOTION FOR JUDGMENT ON THE PLEADINGS"], was convinced that an error of law had been committed, there was no abuse of discretion in his reversing the first trial judge. [Cits.] We find that the second trial judge did not abuse his discretion in reconsidering the motions ruled upon by the first trial judge." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 824, supra. This enumeration is without merit.

2. The policy exclusion in issue reads in pertinent part as follows: "This policy does not apply under Part I [the liability coverage section]: . . . (k) to any automobile while used by any insured [i.e., Christopher Leon Neese] . . . while attempting to avoid apprehension or arrest . . ." Cotton States contends that the trial court erred in holding that the above exclusionary clause was void as against public policy. To this end, Cotton States argues, inter alia, that the exclusionary clause in issue is based upon a reasonable effort on its part to exclude increased risks and hazards arising from extreme and, in this case, criminal conduct of the insured; that such an exclusion is consistent with and reinforces both the criminal statutes and the uninsured motorist legislative scheme of this state; that the exclusionary clause in question does not violate the public policy of this state but rather supports it, in that it deters criminal conduct, i.e., deters an insured

from attempting to elude or flee from a law enforcement officer; and that the instant exclusionary clause cannot be struck down if consistency with the cases of *Patterson v. Commercial Union Ins. Co.*, 151 Ga. App. 86 (258 SE2d 748); *Allstate Ins. Co. v. Skinner*, 150 Ga. App. 106 (257 SE2d 4); and *Standard Guaranty Ins. Co. v. Davis*, 145 Ga. App. 147 (243 SE2d 531) is to be maintained and the principle of stare decisis upheld. Cotton States' contention is without merit.

(a) The Georgia Motor Vehicle Accident Reparations Act (OCGA § 33-34-3 (a) (1); Ga. L. 1974, p. 113 et seq., as amended) provides: "All policies of motor vehicle liability insurance issued in this state must be in accordance with the requirements of this chapter; and no insurer shall issue a policy of motor vehicle liability insurance in this state that does not contain at least the minimum coverages required under this chapter." OCGA § 33-34-4 (a) (Ga. L. 1974, p. 113 et seq., as amended) provides: "No owner of a motor vehicle required to be registered in this state or any other person, other than a self-insurer as defined in this chapter, shall operate or authorize any other person to operate the motor vehicle unless the owner has insurance on the vehicle providing the following minimum coverage: (1) Motor vehicle liability insurance equivalent to that required as evidence of security for bodily injury and property damage liability under the motor vehicle safety responsibility laws of this state . . ." The remainder of OCGA § 33-34-4 deals with compensation to "insured injured persons," without regard to fault (which is not at issue in the case sub judice). The minimum coverage per accident for liability insurance, required by the "Motor Vehicle Safety Responsibility Act" at the time of the case sub judice, are stated to be $10,000 per person in any one accident, $20,000 for two or more persons in any one accident, and $5,000 per accident for property damage in any one accident. OCGA § 40-9-37 (a) (Code Ann. § 68C-307, enacted by Ga. L. 1977, p. 1014, as amended).

(b) It is thus apparent that this state requires liability coverage in a minimum amount. Such a requirement is for the benefit of the public rather than for the benefit of the insured; therefore, the insured's failure to comply with the policy provisions should not defeat the rights of those for whose benefit the law requiring the policy was enacted. See *Young v. Allstate Ins. Co.*, 248 Ga. 350 (282 SE2d 115). That the legislature intended for the public to be protected even in case of additional exposure to the insurer is clear from its providing for mandatory minimum liability coverage; the additional risk is simply part of the cost of doing business in this State. See *Young v. Allstate Ins. Co.*, 248 Ga. 350, 351, supra. This reasoning is further strengthened by the fact that it is the public policy of our State, enunicated in the advent of compulsory motor vehicle liability insurance, that innocent persons who are injured should have an adequate

recovery of their damages. *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556 (307 SE2d 499); OCGA § 40-9-1 et seq. (Motor Vehicle Safety Responsibility Act, Ga. L. 1977, p. 1014 et seq.).

(c) Applying the foregoing principles of law and rationale to the facts of the case sub judice, we hold that the policy exclusion in issue is void as against the public policy of this State. First, the State requires liability coverage in a minimum amount; thus, as the exclusionary clause in issue attempts to exclude coverage of liability *arising out of the use of the insured's vehicle*, it is void as being in conflict with that requirement. Second, it is the public policy of our State that an innocent person, such as Blalack (who although he may have been in violation of the law by not securing an automobile liability policy for his car, was still an innocent third party as far as the accident in question is concerned), should have an adequate recourse for the recovery of his damages. The minimum liability coverage required by compulsory motor vehicle liability insurance ensures this adequate recourse. Contrary to Cotton States' contention, the uninsured motorist provisions of an automobile liability policy do not ensure adequate recourse for the recovery of damages. This is because uninsured motorist protection is not mandatory and may be rejected by the insured. *Flamm v. Doe*, 167 Ga. App. 587, 588 (307 SE2d 105). Third, the cases cited by Cotton States in support of its contention that the exclusionary clause in issue is valid, are distinguishable from the instant case. In this regard, we note that the case of *Patterson v. Commercial Union Ins. Co.*, 151 Ga. App. 86, supra, is factually different from our case in that it involved an exclusion endorsement executed by an insured which endorsement specifically excluded a certain person from coverage while operating the covered automobile. *Allstate Ins. Co. v. Skinner*, 150 Ga. App. 106, supra, is also distinguishable in that it involved a "household exclusion" which was held to be valid under the liability insurance provisions of the policy since the definition of "insured," while clearly applicable to the personal injury protection provisions of the policy, was not intended to apply to the liability provisions of the policy. Finally, the case *Standard Guaranty Ins. Co. v. Davis*, 145 Ga. App. 147, supra, can be distinguished because that case involved an exclusion which was operative when the named insured was driving a car other than the one covered by the policy. The holdings in each of the above cases fall short of answering the question we now decide.

3. Cotton States contends that in the instant case matters outside the pleadings were presented to and not excluded by the court. Thus, under the authority of OCGA § 9-11-12 (c), Cotton States contends that the trial court committed reversible error in not considering Blalack's "RENEWAL OF MOTION FOR JUDGMENT ON THE PLEADINGS" as in fact a motion for summary judgment and as

such, in not considering matters outside the pleadings. We disagree. A review of the record reveals that although the court did not expressly exclude matters outside the pleadings which were presented to it, it impliedly did so by its order of January 26, 1984 (granting Blalack's motion for judgment on the pleadings), which clearly showed that the trial court limited its review to the pleadings and specifically, the plaintiff's complaint for declaratory judgment based upon the exclusion in question. Furthermore, as Blalack's motion was based on the argument that the exclusion in question was void as against the public policy of this State and as Cotton States was relying solely upon this exclusion as the basis for its declaratory judgment action, the only issue the court had to decide was whether the subject exclusion was against public policy. Thus, it was not necessary for the court to consider matters outside the pleadings. We find no reversible error in this enumeration of error.

4. Following the filing of the "petition for declaratory judgment," the Neeses (Christopher, Lyman and Barbara) answered (within the time required by law), denying that Christopher Neese was attempting to avoid apprehension or arrest at the time of the collision and further, asserting that the exclusionary clause in issue was void as against the public policy of our State. The remaining named defendants (Janet E. Blalack, individually and as administratrix of the estate of Danny Clyde Blalack, George Tony Byers, George Lee Byers, Elsie M. Byers, Brad E. Longwith, Dennis Longwith and Carolyn Lou Longwith) did not file any responsive pleadings until February 16, 1982, when the Byers (George Tony, George Lee and Elsie) filed their answer and pretrial information. Also on this date Janet Blalack, individually and as administratrix of the estate of Danny Clyde Blalack, filed her pretrial information. On February 19, 1982, Cotton States filed a "MOTION TO STRIKE AND MOTION IN LIMINE." In its motion, Cotton States asked the court to strike the answer and pretrial information of the Byers (George Tony, George Lee and Elsie) and the pretrial information of Janet E. Blalack, individually and as administratrix of the estate of Danny Clyde Blalack. Cotton States argued that a declaratory judgment action was fully subject to the requirements of the Georgia Civil Practice Act and that failure to timely answer the petition placed said defendants in default and thereby precluded them from answering, contesting the allegations of the complaint or participating in the trial of the case. Thereafter, on March 22, 1982, Janet E. Blalack, individually and as administratrix of the estate of Danny Clyde Blalack, filed an answer. On the same day that Blalack filed her answer, the court entered its order, denying plaintiff's "Motion to Strike and Motion in Limine," and holding that "defendants Byers and the defendant Blalack and the defendants Longwith are hereby allowed and authorized to file their answers at

this time and to participate in the trial of this action."

Cotton States enumerates as error the denial of its "MOTION TO STRIKE AND MOTION IN LIMINE." We conclude that any error in the denial of this motion was harmless. In regard to the "motion in limine" this is clearly shown by the fact that plaintiff prevailed at trial. As to the "motion to strike" we note that the trial court's judgment was not affected by defendant's answer as that ruling addressed only the failure of plaintiff's petition for declaratory relief to state a claim for which relief could be granted. Although the default status of certain of the defendants operated as an admission of the material facts alleged by plaintiff, a judgment in favor of plaintiff was not authorized because the facts alleged by plaintiff did not authorize the relief which plaintiff sought by its petition for declaratory relief. *Times-Journal, Inc. v. Jonquil Broadcasting Co.*, 226 Ga. 673, 675-676 (2) (177 SE2d 64).

5. After a careful examination of the entire record and in light of the above rationale, we conclude that the plaintiff's contention that the trial court erred in failing to grant its motion for entry of declaratory judgment is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 28, 1984 —
REHEARING DENIED DECEMBER 13, 1984 —

*E. Wycliffe Orr*, for appellant.
*C. Michael Roach, Nicholas E. Bakatsas, James D. Hogan, Jr.*, for appellees.