69459, 69460. PITTS TRUCK AIR, INC. et al. v. MACK TRUCKS, INC.; and vice versa.

(328 SE2d 416)

SOGNIER, Judge.

Mack Trucks filed a complaint in four counts against Pitts Truck Air, Inc. and C. Michael Pitts. The jury returned a verdict on Count IV against Pitts individually for $2,500 punitive damages but found

for him on all other counts. The jury returned a verdict of $54,591.81 against only Pitts Truck on Count III on a claim of breach of a promissory note and guaranty agreement. Mack Trucks made a motion for j.n.o.v. on Count III seeking to make Pitts individually liable for the $54,591.81 verdict despite the jury verdict in Pitts' favor on Count III. The trial court granted Mack Trucks' motion but also acted on its own motion to set aside the jury verdict against Pitts under Count IV for $2,500 punitive damages. In case no. 69460, Mack Trucks appeals the setting aside of the Count IV judgment against Pitts; in case no. 69459, Pitts and Pitts Truck appeal the trial court's grant of Mack Trucks' motion for j.n.o.v. making Pitts liable under the Count III verdict.

Mack Trucks left a truck with Pitts Truck to have an air conditioning unit installed. The parties executed a contract requiring Pitts Truck to provide insurance coverage on the truck. The truck was stolen while in the possession of Pitts Truck; however, Pitts Truck had failed to obtain insurance. In order to recompense Mack Trucks for the loss of the truck, representatives of Mack Trucks met with Pitts on November 18, 1982 and Pitts, on behalf of Pitts Truck, executed a promissory note, then individually executed a guaranty on the note. The following day, Pitts returned to Mack Trucks' place of business and without Mack Trucks' permission took all of the documents except the guaranty out of Mack Trucks' office. There were never any payments made under the terms of the promissory note.

1. Pitts contends the trial court erred by granting Mack Trucks' motion for j.n.o.v. and entering judgment for Mack Trucks and against Pitts for $54,591.81 based on Pitts' liability under the guaranty document for payment of the promissory note (Count III). The jury had earlier returned a verdict in favor of Pitts on Count III on the basis that the guaranty was "an invalid and incomplete document." The apparent reason for this finding was the absence in the guaranty of a specific statement that Pitts signed the document in his individual capacity. However, the record is replete with evidence that the document was a personal guaranty and it is uncontroverted that Pitts signed the document in his individual capacity. The record does not support Pitts' argument that the jury found in favor of Pitts on the guaranty because the guaranty document by its terms referred to an "Installment Sale Security Instrument" rather than the promissory note. The promissory note and the guaranty were both prepared and executed together, and the intention of the parties that the guaranty document serve as security for the promissory note was clearly and uncontrovertedly established by the testimony of both Pitts and the representative for Mack Trucks. "A directed verdict or judgment notwithstanding the verdict should be granted where construing the evidence in favor of the respondent a verdict is demanded in favor of

the moving party. [Cits.]" *Nat. Property Mgt. &c. Inc. v. Pope,* 163 Ga. App. 713, 716 (3) (295 SE2d 848) (1982). Inasmuch as there was no evidence that the guaranty was not a complete and valid instrument which rendered Pitts liable for all amounts due under the promissory note, the trial court did not err by granting j.n.o.v. in favor of Mack Trucks.

2. Because the trial court properly granted j.n.o.v. in favor of Mack Trucks against Pitts, the resident defendant, on Count III, it is unnecessary to address Pitts' enumeration that the trial court erred by failing to dismiss the judgment against Pitts Truck because as a nonresident it was not subject to the trial court's jurisdiction. Compare *Evans v. Montgomery Elevator Co.,* 159 Ga. App. 834 (285 SE2d 263) (1981).

3. Pitts and Pitts Truck contend the trial court erred by granting judgment against them on Count III because there was no consideration for the promissory note upon which the judgment was based. The evidence at trial clearly shows that Pitts Truck obligated itself by the promissory note which was secured by Pitts' personal guaranty to repay Mack Trucks in fixed monthly installments for the value of the stolen truck. In consideration for the signing of the promissory note Mack Trucks agreed not to bring suit against Pitts and Pitts Truck for the loss of the truck. "Forbearance to prosecute a legal claim and the compromise of a doubtful right are both sufficient considerations to support a contract." *Jones v. C & S Nat. Bank,* 231 Ga. 765, 768 (II) (204 SE2d 116) (1974). See also *Trust Co., Columbus v. Rhodes,* 144 Ga. App. 816, 818 (242 SE2d 738) (1978); *Ballentine Motors &c. v. Nimmons,* 93 Ga. App. 708, 709 (2) (92 SE2d 714) (1956). We find no merit in Pitts' and Pitts Truck's argument that the consideration for the promissory note "failed" when Mack Trucks brought this action. Mack Trucks brought this suit after Pitts Truck and Pitts defaulted on the promissory note and guaranty document. Furthermore, adequacy of the consideration of a contract is determined by the facts and conditions existing at the time the contract was made. *Saine v. Clark,* 235 Ga. 279, 281 (2) (219 SE2d 407) (1975).

4. Mack Trucks contends in case no. 69460 that the trial court erred by acting outside the term of court in which the judgment was rendered to set aside on its own motion the judgment in Count IV of its complaint against Pitts for $2,500 punitive damages. Although a trial judge has the power to revise, correct, revoke, modify, or vacate such judgment even upon his own motion during the same term of court at which a judgment is rendered or in a subsequent term if the proceeding for that purpose was begun during the term, this inherent power of the court extends only to those orders and judgments not founded upon verdicts. *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715, 716 (1) (240 SE2d 100) (1977), Div. 2, revd. 241 Ga. 343;

*Rothstein v. Brooks*, 133 Ga. App. 52, 53 (4) (209 SE2d 674) (1974). See also *Edwards v. Yelverton*, 147 Ga. App. 525 (249 SE2d 334) (1978); *Blatt v. Bernath*, 151 Ga. App. 69, 71 (3) (258 SE2d 735) (1979). Therefore, the trial court's order on its own motion setting aside the jury verdict against Pitts in Count IV is reversed.

*Judgment affirmed in Case No. 69459; reversed in Case No. 69460. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1985.

*Albert B. Wallace*, for appellants.
*Alfred B. Adams III*, for appellee.