### 76275. MOORE v. THOMPSON.
(371 SE2d 111)

BEASLEY, Judge.

This case was previously before us on interlocutory appeal. *Thompson v. Moore*, 174 Ga. App. 331 (329 SE2d 914) (1985); aff'd in part, rev'd in part, 255 Ga. 236 (336 SE2d 749) (1985). It was subsequently voluntarily dismissed and brought again in a different court. It now appears after trial and verdict for plaintiff Thompson.

Judgment was entered for plaintiff on June 24, 1987. Because of the court's desire to further consider the question of prejudgment interest, it was not addressed in the judgment. Plaintiff thereafter filed a "Motion for Prejudgment Interest and Costs." The court considered it at a hearing on July 29 and entered an order granting the motion and directing the clerk to issue a fi. fa. Defendant appealed from this order.

In his enumeration of error and sections 2 and 3 of argument, defendant contends that the order awarding interest is procedurally infirm. We agree.

OCGA § 51-12-14, the Unliquidated Damages Interest Act, pro-

vides that a plaintiff may make written demand for interest in an unliquidated damage tort case and, if awarded more than the amount of demand, recover interest thereon. It further provides that "[e]vidence or discussion of interest . . . as well as evidence of the offer, shall not be submitted to the jury. *Interest shall be made a part of the judgment* upon presentation of evidence to the satisfaction of the court that this Code section has been complied with and that the verdict of the jury . . . is equal to or exceeds the amount claimed in the notice." (Emphasis supplied.)

Here, the court did not wait until after the hearing on the interest to enter judgment, as contemplated by the statute, but proceeded to enter judgment and then address the interest issue.

The terms of the State Court of Fulton County begin on the first Monday in January, March, May, July, September, and November. Ga. Laws 1983, pp. 4,501-4,502. The judgment on the jury's verdict was entered in the May term, while the order seeking to alter it was entered in the July term. Where a judgment is entered on a jury's verdict, it may not be altered outside the term of court in which it was entered. *Dept. of Transp. v. Kenney*, 238 Ga. 173, 174 (231 SE2d 767) (1977); *Pitts Truck Air v. Mack Trucks*, 173 Ga. App. 801, 803 (4) (328 SE2d 416) (1985). Even when a non-jury verdict decree is involved, after the expiration of the term at which it is entered it is out of the power of the court to modify or revise it in any manner of substance or in any manner affecting the merits. *City of Cornelia v. Gunter*, 227 Ga. 464 (181 SE2d 489) (1971); see *Pitts Truck Air*, supra.

In addition, there was no motion to set aside the judgment pursuant to OCGA § 9-11-60, only the motion for interest which sought to add to the judgment already entered. See *Stamps Tire Co. v. Powers*, 104 Ga. App. 860, 861 (123 SE2d 203) (1961). This motion provided no vehicle for the court to add interest to the judgment already entered. *Phillips v. Bowen*, 206 Ga. 268, 269 (1) (56 SE2d 503) (1949); see *Long v. Long*, 247 Ga. 624, 625 (278 SE2d 370) (1981).

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 8, 1988 —
REHEARING DENIED JUNE 28, 1988 —

*William D. Temple, Sr., David S. Thomson*, for appellant.
*Robert D. Cheeley, James E. Butler, Jr.*, for appellee.