No. 19,461.

THE WESTERN MUTUAL INSURANCE CO. *v.* HARVEY WANN.

(363 P. [2d] 1054)

Decided August 14, 1961.

Messrs. WORMWOOD, O'DELL AND WOLVINGTON, for plaintiff in error.

Messrs. RYAN, SAYRE, MARTIN AND HANSEN, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

ON August 12, 1955, defendant in error, Wann, herein referred to by name, was an employee of one Hamacher. On that date Wann, during the course of his employment, was injured as the result of a fellow employee's negligence in backing a truck over him.

Wann brought suit against Hamacher, and on May 29, 1958, obtained judgment in the amount of $3750.00.

Prior to the time Wann was injured the plaintiff in error, herein referred to as Western, had issued to Hamacher its Standard Automobile Policy, wherein it agreed:

" * * * subject to the limits of liability, exclusions, conditions and other terms of this policy.

"COVERAGE A — BODILY INJURY LIABILITY

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

* * *

"COVERAGE C — MEDICAL PAYMENTS

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission."

Under the heading of EXCLUSIONS, the policy contains the following:

"This policy does not apply

* * *

"(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits

therefor are either payable or required to be provided under any workmen's compensation law; * * *"

On June 19, 1959, Wann, in aid of his unsatisfied judgment against Hamacher, caused garnishee summons to be issued and served on Western, wherein Western was required to answer whether it was indebted to Hamacher. Western answered in the negative, to which answer Wann filed a traverse setting forth the foregoing facts and alleged that Western was indebted to Hamacher by reason of having issued its policy of insurance, and the Financial Responsibility Laws of Colorado.

The judgment of the trial court was in favor of Wann and against Western for the amount of Wann's judgment against Hamacher. Western is here by writ of error seeking reversal.

Counsel for Wann contend that the exclusion clause set forth above is ambiguous and invalid as being contrary to public policy as expressed by Colorado's Financial Responsibility Laws.

Hamacher had less than four employees and it is admitted that he was not subject to the provisions of the Workmen's Compensation Law. He was under no obligation to carry any insurance. Both he and Western were free to enter such contract as they might agree upon.

We know of no law, and counsel refer us to none, that prevents the issuance of insurance policies of limited coverage. Policies lawfully issued are not contrary to public policy. Hamacher chose to be insured against certain hazards and he elected to remain uninsured as to other hazards, including the hazard of Wann being injured "while engaged in his employment."

There is nothing ambiguous about this exclusion clause — it is an important and integral part of the policy — and to read it out of the policy, as we are urged to do, would be to make a new and entirely different contract for the parties.

Hamacher purchased this insurance for his protection,

not Wann's. He sought to be protected from claims of others, and expressly agreed not to be protected against claims of his employees arising during the course of their employment.

■ This same exclusion clause has been before many courts and has uniformly been held to mean what it says — that the policy does not apply to employees of the insured while engaged in their employment. See *Simpson v. American Automobile Insurance Company* (Mo.), 327 S.W. (2d) 519; *Employers Liability Assurance Corporation v. Owens* (Fla.), 78 So. (2d) 104; *Pennsylvania Casualty Company v. Elkins,* 70 Fed. Supp. 155; *Jewtraw v. Hartford Accident and Indemnity Company,* 112 N.Y.S. (2d) 727.

■ Counsel for Wann urge that the exclusion provision runs contrary to the Colorado Financial Responsibility Act and that the contract of insurance is subject to all of the provisions thereof. Complete answer to this is found in the admission of counsel that taking of this insurance by Hamacher was entirely voluntary on his part — he was under no compulsion to have any insurance. In such a situation the Financial Responsibility Act does not come into play.

The judgment is reversed and the cause remanded with directions to dismiss the action as against Western Mutual Insurance Company.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.