## 57191. ALLSTATE INSURANCE COMPANY v. SKINNER et al.

BANKE, Judge.

This case is before us on an interlocutory appeal by Allstate Insurance Company, third-party defendant below. The trial court granted summary judgment against Allstate in the third-party action, which was similar in nature to a declaratory judgment proceeding, and denied Allstate's motion for summary judgment.

George Williamson, the plaintiff in the main action, sued for injuries received while a passenger in an automobile driven by N. H. Skinner, the defendant and third-party plaintiff. Skinner was driving the car with the permission of the owner, who was insured by Allstate.

In the third-party action, Skinner sought and received a determination from the trial court that Allstate was required to defend and provide liability coverage to him. Allstate contends that it has no obligation to defend due to an exclusion contained in its policy providing that liability coverage does not extend to " . . . bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured." Williamson, the injured plaintiff in the main suit, and Skinner, the defendant driver, are related by marriage and reside in the same household.

The trial court ruled that the "member of the household" exclusion is void under the facts presented because it conflicts with the underlying purpose of the

Georgia Motor Vehicle Accident Reparations Act. Code Ann. § 56-3402b (b), a provision of that Act, provides that the term "insured" shall include, in addition to the insured named in the policy, the spouse of the named insured, children if residing in the same household, the relatives of either if residents of the named insured's household, any pedestrian struck by the insured vehicle, "*and any other person using or occupying the insured vehicle* with the express or implied permission of the named insured or his spouse." (Emphasis supplied.) *Held:*

Allstate relies heavily upon a recent decision of this court, *Standard Guaranty Ins. Co. v. Davis,* 145 Ga. App. 147 (243 SE2d 531) (1978). That case involved an exclusion which was operative when the named insured was driving a car other than the one covered by the policy. The holding in *Standard* was a narrow one and fell short of answering the question we now decide.

The definition of "insured" quoted above is clearly applicable to the personal injury protection ("PIP") provisions of the policy within the meaning of Code Ann. § 56-3403b (b). However, we are satisfied that, given the purposes of the Motor Vehicle Accident Reparations Act, it was not intended that the definition apply to the liability insurance provisions of the policy. Thus, while Allstate may be liable to pay PIP benefits to the plaintiff, it is entitled to invoke the household exclusion to avoid liability in the negligence suit against Skinner. Accord, Travelers Indemnity Co. v. Barnes, 552 P2d 300 (1976). Accordingly, it was error to grant Skinner's motion for summary judgment and to deny Allstate's motion for summary judgment.

*Judgment reversed. Underwood and Carley, JJ., concur.*

ARGUED FEBRUARY 5, 1979 — DECIDED MAY 3, 1979 —
REHEARING DENIED MAY 29, 1979 — ▮

*Jones, Cork, Miller & Benton, Carr G. Dodson, Wallace Miller, III, Thomas C. James, III,* for appellant. *Martin, Snow, Grant & Napier, George C. Grant,*

*John T. McGoldrick, Jr., Neal D. McKenney,* for appellees.