**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Kenneth MEYER, and Sophie H. Meyer,**
Defendants-Appellants.

No. 81CA0362.

Colorado Court of Appeals,
Div. II.

Jan. 28, 1982.

As Modified on Denial of Rehearing
March 11, 1982.

Certiorari Granted June 21, 1982.

Paul D. Renner, P. C., John R. Rodman, Denver, for plaintiff-appellee.

Bruce A. Matas, Denver, for defendants-appellants.

VAN CISE, Judge.

Defendant, Sophie H. Meyer (the mother) appeals a judgment declaring that she, injured in a one-car accident while a passen-

ger in an automobile owned and driven by defendant Kenneth Meyer (the son), is excluded from bodily injury coverage under the son's automobile policy with plaintiff, State Farm Mutual Automobile Insurance Company (the insurer). We affirm.

This case was tried to the court on an agreed statement of facts and the admissions in the pleadings and in the briefs. There is no dispute as to the son's legal liability to his mother for her injuries. It is agreed the son was the named insured, and the automobile involved in the accident was the insured vehicle, under an automobile policy then in force issued by insurer. As applicable here, the policy contains "no fault" personal injury protection (P.I.P.) coverage for medical expenses, rehabilitation expenses, work loss, and essential services expenses. The mother's expenses in those categories have been and are being paid by insurer.

The insurer refused to pay the mother for her bodily injuries not included in the P.I.P. coverage because of the "household exclusion" in the bodily injury liability coverage provisions of the policy. This exclusion provides:

"This insurance does not apply ... to bodily injury to any insured or any member of the family of an insured residing in the same household as the insured."

### I

■ The mother first contends that the exclusion does not apply because she and her son were not residing in the same household.

The parties agree that the mother is 71 and the son is 34, and both reside in the same apartment, primarily for financial reasons. The mother owned no automobile, had no driver's license, and had no control over her son, his insurance policy, or his automobile. They maintain separate credit and finances and own nothing jointly. Each controls his or her own funds. Each pays his or her share of the common expenses and his or her own individual expenses from separate incomes. Neither regards the mother as a dependent of the son.

However, the policy defines "residing" as "bodily presence in such household and an intention to continue to dwell therein." Therefore, for the purposes of determining insurance coverage, the trial court correctly concluded that the mother is a member of the insured son's family and resides in the same household.

### II

The mother's main contention is that the household exclusion clause is void as against public policy. We do not agree.

■ The Motor Vehicle Financial Responsibility Act, § 42–7–102, C.R.S.1973, provides that:

"[I]t is the policy of this state to induce and encourage all motorists to provide for their financial responsibility for the protection of others, and to assure the widespread availability to the insuring public of insurance protection against financial loss caused by negligent financially irresponsible motorists."

In implementation of that policy, the General Assembly enacted the Colorado Auto Accident Reparations Act (the "No-fault Act"), §§ 10–4–701 et seq., C.R.S. 1973, the purpose of which is "to avoid inadequate compensation to victims of automobile accidents." Section 10–4–702, C.R.S. 1973. As mandated by § 10–4–707(1), C.R. S.1973, in the event of accidental bodily injury sustained by a relative of the named insured when the relative at the time of the accident is a resident in the household of the named insured, the minimum coverage required is that specified in § 10–4–706(1)(b) to (e), C.R.S.1973. The P.I.P. coverage in the son's policy complies with that requirement. The statute does not require in this situation that the policy include legal liability coverage for bodily injury described in § 10–4–706(1)(a), C.R.S.1973.

It is not for a court to overrule the General Assembly's determination of what is "adequate compensation" to a relative living in the same household with an insured. Since the insurance policy, with the exclusion, provides the coverage required by the

statute and the public policy concerns expressed therein, the language of the policy controls. *See Western Mutual Insurance Co. v. Wann,* 147 Colo. 457, 363 P.2d 1054 (1961); *U.S. Fire Insurance Co. v. Goldstein Transportation,* 30 Colo.App. 478, 496 P.2d 1079 (1972). *See also Farmers Insurance Exchange v. Cocking,* 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981). The mother cannot resort to the policy to recover for her bodily injuries not covered under P.I.P. *See Newark Insurance Co. v. State Farm Mutual Automobile Insurance Co.,* 164 Colo. 498, 436 P.2d 353 (1968), and cases cited therein.

### III

To the extent not covered under I and II above, the other contentions of the mother are without merit. The issue as to whether she is entitled to coverage as an uninsured motorist is not addressed by us because it was not presented to or ruled on by the trial court or raised here by any of the parties. *See Hessling v. City of Broomfield,* 193 Colo. 124, 563 P.2d 12 (1977); *SaBell's, Inc. v. Flens,* 42 Colo.App. 421, 599 P.2d 950 (1979); *Wickland v. Snyder,* 39 Colo.App. 403, 565 P.2d 976 (1977).

Judgment affirmed.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

After Sophie claimed she was entitled to recovery beyond the P.I.P. benefits of the policy, State Farm instituted this action for a declaration that Sophie was not entitled to bodily injury coverage because of the household exclusion. The entire policy was incorporated into the complaint and was placed in evidence.

As stated by the majority, the issues litigated in the trial court were those of the applicability of the household exclusion to the facts of this case and the public policy considerations of such an exclusion. Because of the trial court's decision that, other than the P.I.P. benefits, Sophie was not entitled to further coverage, and because of the serious public policy questions raised, I believe it is necessary to examine the entire policy to determine if it complies with the applicable statutes of this state. In addition to liability coverage, personal injury protection, and physical damage coverage, Kenneth purchased uninsured motor vehicle coverage. Therefore, in determining what, if any, coverage is available to Kenneth and Sophie, we must look to the four corners of the insuring agreement.

Addressing the question of coverage under the general liability provisions of the policy and relying upon case authority developed under the Motor Vehicle Financial Responsibility Act, § 42–7–101 et seq., C.R. S.1973, the majority sustains the household exclusion, thus rendering Kenneth an uninsured motorist as to Sophie's claim. Although none of the cases cited by the majority specifically addressed the household exclusion, they do establish that the Financial Responsibility Act does not prohibit specific exclusions of coverage under general liability coverage.

Thus, the question remaining for determination is whether the uninsured motorist provision of the policy, in order to comply with the applicable statutes, must afford coverage to Sophie since she was injured as a result of the negligence of a motorist who, as to her, is in fact, uninsured. In 1965 the General Assembly enacted what is now codified as § 10–4–319 and § 10–4–320, C.R.S.1973. Section 10–4–320 contains the following statement of policy:

"It is the policy of this state to induce and encourage all motorists to provide for their financial responsibility for the protection of others . . . ."

Section 10–4–319 contains the following language:

"No automobile liability or motor vehicle liability policy, . . . shall be delivered or issued for delivery in this state with respect to any motor vehicle . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover dam-

ages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom . . . *unless insured named in the policy rejects the coverage* . . . ." (emphasis added)

Under the policy definitions as to uninsured motorist coverage, Sophie is an insured entitled to benefits. However, by further policy definition, the policy excludes the insured vehicle as an uninsured motor vehicle. The question then, is whether the exclusion of the vehicle is in compliance with Colorado law and the public policy of this state. Section 10–4–319 mandates uninsured motorist coverage unless the purchaser specifically requests a waiver or exclusion.

In *State Farm Mutual Automobile Insurance Co. v. Herron*, 123 Ariz. 315, 599 P.2d 768 (1979) the Supreme Court of Arizona, applying a statute substantially identical to ours, stated:

"The purpose of the Uninsured Motorist Statute is to provide for those situations in which negligent parties have no liability coverage under which injured parties may recover."

and:

"*a fortiori*, where no liability coverage is in fact available, as here, the vehicle in question must be considered 'uninsured' for purposes of effectuating legislative intent under the Uninsured Motorist Statute."

The court held that uninsured motorist coverage does apply when a family exclusion clause would otherwise prevent recovery.

Since our statutes mandate that no liability policy shall be delivered in this state which fails to provide uninsured motorist protection to persons insured thereunder, unless the named insured rejects such coverage, and since Kenneth did not reject uninsured motorist coverage, in whole or in part, the exclusion is contrary to the public policy of this state and does not comply with the statute.

The majority refers to *Farmers Insurance Exchange v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981). *Cocking* is

inapplicable because the question there was the constitutionality of a statute specifically allowing these types of exclusions.

I would reverse and remand with directions to enter judgment declaring that to the extent of the applicable uninsured policy limits, both Kenneth and Sophie are entitled to uninsured motorist protection.