Sophie H. MEYER and Kenneth Meyer, Petitioners,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

FARMERS INSURANCE EXCHANGE, a reciprocal or inter-insurance exchange, Plaintiff-Appellee,

v.

Clara AGUIRRE and Porfirio Aguirre, Defendants-Appellants.

Marianne I. ADCOCK and John R. DeCrescentis, Plaintiffs-Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.

Nos. 82SC155, 82SA474 and 82SA298.

Supreme Court of Colorado, En Banc.

Sept. 24, 1984.

Rehearing Denied Oct. 15, 1984.

Bruce A. Matas, Denver, for petitioners in No. 82SC155.

Renner, Rodman & Burke, John R. Rodman, Denver, for respondent in No. 82SC155.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Colorado Springs, for plaintiff-appellee in No. 82SA474.

Lee N. Sternal, P.C., Pueblo, for defendants-appellants in No. 82SA474.

Wagner & Waller, William C. Waller, Jr., Denis H. Mark, Jon J. Walkwitz, Englewood, for plaintiffs-appellants in No. 82SA298.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Laird Campbell, Denver, for defendant-appellee in No. 82SA298.

Kritzer & Chalat, Stuart Kritzer, Denver, for amicus curiae, Colorado Trial Lawyers Ass'n.

NEIGHBORS, Justice.

These consolidated appeals present the issue of whether a "household exclusion

clause"[1] in an automobile liability insurance policy is invalid because it violates the Colorado Automobile Reparations Act,[2] commonly known as the No-Fault Act (Act), and is therefore contrary to public policy as reflected in the Act. We granted certiorari in *State Farm Mutual Automobile Insurance Co. v. Meyer*, 647 P.2d 683 (Colo.App. 1982), to review the court of appeals' decision that such a clause is valid and enforceable. In *Farmers Insurance Exchange v. Aguirre*, No. 82SA474, and *Adcock v. State Farm Mutual Automobile Insurance Co.*, No. 82SA298, the respective trial courts also upheld the validity of the clause. Both cases were transferred to this court from the court of appeals for consolidation with *Meyer*. We hold that the household exclusion clause is invalid and reverse the judgments in all three cases.

### I.

Even though the principal issue in these appeals is identical, the litigation in each case arose in a different context. Therefore, we will discuss the pertinent facts of each case separately.[3]

### A. Meyer

On August 26, 1978, Kenneth Meyer was driving an automobile in which Sophie Meyer, his mother, was a passenger. Sophie resided with Kenneth; however, they lived together primarily for financial reasons and kept their financial matters separate. The automobile was involved in a one-car accident and Sophie was injured. She sued Kenneth to recover damages for her personal injuries. Kenneth's insurance carrier, State Farm Mutual Insurance Co., paid Sophie's medical expenses as required by the Personal Injury Protection (PIP) provi-

sions of the policy. However, State Farm filed suit seeking a declaratory judgment that Sophie is not entitled to recover additional damages for bodily injuries under Kenneth's liability coverage.

Kenneth's insurance policy provides that State Farm will pay, on Kenneth's behalf, all claims for bodily injury which he becomes legally obligated to pay. The policy also states that the bodily injury coverage does not apply to "any *insured* or any member of the family of an *insured residing* in the same *household* as the *insured.*" (Emphasis in original.) The trial court held that this exclusionary provision applied to Sophie and did not violate the requirements of the Act. Thus, the trial court entered a summary judgment that Kenneth was not entitled to bodily injury coverage for Sophie's claim. The court of appeals affirmed, holding that when the claimant is a relative of the insured and resides in the insured's household, the minimum required coverage is that for no-fault benefits specified in section 10–4–706(1)(b) to (e), 4 C.R.S. (1973 & 1983 Supp.), and the Act in such circumstances does not require the liability coverage described in section 10–4–706(1)(a), 4 C.R.S. (1973 & 1983 Supp.). *State Farm Mutual Automobile Insurance Co. v. Meyer*, 647 P.2d 683 (Colo.App.1982).

### B. Aguirre

On September 15, 1976, Clara Aguirre was a passenger in a car owned and driven by her husband, Porfirio Aguirre. They were involved in a one-car collision in which Clara suffered bodily injuries. She sued Porfirio for damages based on his alleged negligence. The automobile was insured by a policy issued by Farmers Insurance

---

1. Generally, the household exclusion operates to relieve an insurance carrier from making payment for loss from bodily injury or death under the terms of a liability policy where the named insured or any family or household member is injured in a motor vehicle accident caused by the negligent operation of the vehicle by the insured or a member of his/her family or household. *Hughes v. State Farm Mutual Automobile Ins. Co.*, 236 N.W.2d 870, 877 (N.D.1976).

2. §§ 10–4–701 to –723, 4 C.R.S. (1973).

3. For purposes of this opinion we presume the facts in each case to be true since each proceeding was resolved by summary judgment and the parties on appeal have not directed our attention to any disputed issue of material fact.

Exchange to Clara and Porfirio. Farmers filed a complaint seeking a declaratory judgment that it is not legally obligated to defend Porfirio or to pay any judgment rendered against him. The insurance policy excludes coverage for "liability of any insured for bodily injury to (a) any member of the same household of such insured except a servant, or (b) the named insured." The trial court held that the exclusion clause is not contrary to the Act or public policy, citing *Meyer*, 647 P.2d at 683. Therefore, the trial court ruled that Farmers is not legally obligated to provide a defense to Porfirio or to pay any judgment which may be rendered against him.

### C. Adcock

On July 12, 1978, Marianne Adcock was a passenger in an automobile owned by her and driven by John R. DeCrescentis with Adcock's permission. The car was involved in an accident and Adcock filed suit against DeCrescentis for injuries she sustained as a result of his alleged negligence. DeCrescentis was insured by Government Employees Insurance Company (GEICO). GEICO paid Adcock its policy limits of $15,000, the minimum coverage required by the Act, in return for an agreement and covenant not to enforce judgment.

At the time of the accident Adcock was insured by State Farm Mutual Automobile Insurance Co. Her insurance policy provided that the liability coverage does not apply to "any insured or any member of the family of an insured residing in the same household as the insured." Under the policy provisions, the term "insured" includes any person using the automobile with the permission of the named insured. Adcock and DeCrescentis sought a declaratory judgment that State Farm is legally obligated to provide a defense for DeCrescentis in Adcock's suit against him, and to pay any judgment that might be awarded to Adcock. The trial court dismissed the complaint filed by Adcock and DeCrescentis.

## II.

Although declaratory relief was sought by a different party in each case, the pivotal issue is the same: Whether the insured or a member of the insured's household may recover under the insured's liability coverage, notwithstanding the existence of a clause in the policy which purports to exclude such coverage. We hold that the household exclusion is invalid because it is contrary to the provisions of the Act and thereby violates public policy as expressed in the Act.

The starting point for our analysis begins with the Act. In order to determine whether the household exclusion is inconsistent with the Act, we first look to the underlying public policy expressed by the General Assembly. Section 10–4–702, 4 C.R.S. (1973), states:

*Legislative declaration.* The general assembly declares that its purpose in enacting this part 7 is to avoid inadequate compensation to victims of automobile accidents; to require registrants of motor vehicles in this state to procure insurance covering legal liability arising out of ownership or use of such vehicles and also providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles.

We, therefore, conclude that the legislative purpose in adopting the Act was twofold: To avoid inadequate compensation to victims of automobile accidents, and to require that motor vehicle owners purchase insurance policies which provide coverage for *both* liability and no-fault benefits.

Section 10–4–706(1)(a), 4 C.R.S. (1973),[4] mandates compulsory liability coverage. This provision states:

*Required coverages.* (1) Subject to the limitations and exclusions authorized by this part 7, the minimum coverages re-

---

**4.** The minimum policy limits of $15,000 required by this section were raised to $25,000 in 1983. The amendment applies to every new or renewal policy which takes effect on or after July 1, 1983. Ch. 93, sec. 5, § 10–4–706, 1983 Colo. Sess. Laws 456.

quired for compliance with this part 7 are as follows:

(a) Legal liability coverage for bodily injury or death arising out of the use of the motor vehicle to a limit, exclusive of interest and costs, of fifteen thousand dollars to *any one person in any one accident* and thirty thousand dollars to all persons in any one accident, and for property damage arising out of the use of the motor vehicle to a limit, exclusive of interest and costs, of five thousand dollars in any one accident....

(Emphasis added.) Sections 10–4–706(1)(b) to (1)(e), 4 C.R.S. (1973 & 1983 Supp.), require what are generally referred to·as personal injury protection (PIP) or no-fault benefits—compensation without regard to fault for medical expenses, rehabilitation expenses, lost pay, and death benefits.[5] Liability and PIP coverages provide benefits for claims that are fundamentally distinct in character. *Cingoranelli v. St. Paul Fire & Marine Insurance*, 658 P.2d 863 (Colo.1983). Both liability and PIP coverages "play a role in effectuation of the legislative purpose." *Marquez v. Prudential Property & Casualty Insurance Co.*, 620 P.2d 29, 33 (Colo.1980). The statutes in effect at the time these cases arose provide that an owner who fails to have in effect a policy containing the required coverages for liability and no-fault "shall be subject to the sanctions provided under section 42–7–301, C.R.S. 1973, of the 'Motor Vehicle Financial Responsibility Act'." § 10–4–705(1), 4 C.R.S. (1973). In addition, an owner who fails to have a no-fault policy in effect becomes personally liable for the payment of no-fault benefits. § 10–4–705(2), 4 C.R.S. (1973).

■ Having determined that liability insurance is mandatory under the Act, we must now examine the statutory scheme to determine if any of the provisions pertaining to exclusions from the Act permit the carriers to enforce the household exclusion clause.[6] Section 10–4–712, 4 C.R.S. (1973), states:

*Conditions and exclusions.* (1) The coverages described in section 10–4–706 may be subject to conditions and exclusions approved by the commissioner which are not inconsistent with the requirements of this part 7.

(2) The coverages described in section 10–4–706 may also be subject to exclusions where the injured person:

(a) Sustains injury caused by his own intentional act; or

(b) Is operating a motor vehicle as a converter without a good faith belief that he is legally entitled to operate or use such vehicle.

This section would permit an insurance carrier to include the household exclusion clause in its policies so long as the exclusion is (1) approved by the commissioner, *and* (2) not inconsistent with the Act. On July 1, 1974, the commissioner adopted Colorado Insurance Regulation No. 74–20 that approves the household exclusion in automobile liability insurance policies. However, we hold that the household exclusion is invalid because it conflicts with the Act. *See Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). Clauses in a contract of insurance which attempt to dilute, condition, or limit statutorily mandated coverage are invalid or void. *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981).

■ The household exclusion effectively renders Kenneth Meyer and Porfirio Aguirre, and other motor vehicle operators in like circumstances, uninsured and thereby causes them to be in violation of the legislatively mandated public policy of compulsory liability insurance required by the Act. *Bishop v. Allstate Insurance Co.*, 623 S.W.2d 865 (Ky.1981). Nowhere in the Act is an insurer permitted to exclude family and household members from coverage

---

5. Amendments to these provisions not material to the issues presented here will take effect on January 1, 1985. Ch. 303, sec. 5, § 10–4–706(1)(b), (1)(c)(I)(B), (1)(c)(II), (1)(d)(I), 1984 Colo. Sess. Laws 1067, 1071–72.

6. Section 10–4–716, 4 C.R.S. (1973), governs self-insurers and is not applicable to these cases.

under its liability policies in the circumstances of these cases.

Although the appellate courts in other states are divided on this issue, the great majority are consistent with our holding that such exclusions are invalid. *Stevens v. State Farm Mutual Automobile Insurance Co.*, 21 Ariz.App. 392, 519 P.2d 1157 (1974); (*see also Arceneaux v. State Farm Mutual Automobile Insurance Co.*, 113 Ariz. 216, 550 P.2d 87 (1976)); *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *Bishop v. Allstate Insurance Co.*, 623 S.W.2d 865 (Ky.1981); *State Farm Mutual Automobile Insurance Co. v. Sivey*, 404 Mich. 51, 272 N.W.2d 555 (1978); *State Farm Mutual Automobile Insurance Co. v. Traycik*, 86 Mich.App. 285, 272 N.W.2d 629 (1979); *Transamerica Insurance Co. v. Royle*, 656 P.2d 820 (Mont.1983); *Estate of Neal v. Farmers Insurance Exchange*, 93 Nev. 348, 566 P.2d 81 (1977); *Kish v. Motor Club of America Insurance Co.*, 108 N.J.Super. 405, 261 A.2d 662 (1970); *Allstate Insurance Co. v. Anzalone*, 119 Misc.2d 222, 462 N.Y.S.2d 738 (1983); *Hughes v. State Farm Mutual Automobile Insurance Co.*, 236 N.W.2d 870 (N.D. 1975); *Jordan v. Aetna Casualty & Surety Co.*, 264 S.C. 294, 214 S.E.2d 818 (1975); *Mutual of Enumclaw Insurance Co. v. Wiscomb*, 97 Wash.2d 203, 643 P.2d 441 (1982).

The Washington Supreme Court succinctly stated:

> This clause prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy containing such a clause. In essence, this clause excludes from protection an entire class of innocent victims for no good reason.
>
> This exclusion becomes particularly disturbing when viewed in light of the fact that this class of victims is the one most frequently exposed to the potential negligence of the named insured. Typical family relations require family members to ride together on the way to work, church, school, social functions, or family

outings. Consequently, there is no practical method by which the class of persons excluded from protection by this provision may conform their activities so as to avoid exposure to the risk of riding with someone who, as to them, is uninsured.

*Mutual of Enumclaw Insurance Co. v. Wiscomb*, 97 Wash.2d 203, 643 P.2d 441, 444 (1982). Where a claimant happens to be the insured under the liability insurance policy or a member of the insured's family, he/she is nonetheless entitled to seek adequate compensation for the injuries sustained. Even though these classes of accident victims are entitled to receive PIP benefits, such benefits may not provide the adequate compensation contemplated by the Act.

We recognize the existence of cases which support the position taken by the insurance carriers in these appeals. *See, e.g., Farmers Insurance Exchange v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981); *Allstate Insurance Co. v. Skinner*, 150 Ga.App. 106, 257 S.E.2d 4 (1979); *Shaw v. State Farm Mutual Automobile Insurance Co.*, 107 Ga.App. 8, 129 S.E.2d 85 (1962); *Looney v. Farmers Insurance Group*, 616 P.2d 1138 (Okla.1980); *Lee v. State Farm Mutual Automobile Insurance Co.*, 265 Or. 1, 507 P.2d 6 (1973). However, we find these cases to be distinguishable or unpersuasive. For example, in *Farmers Insurance Exchange v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981), the California Supreme Court held that a *statute* which permits an automobile liability insurer to exclude coverage for bodily injuries to an insured is neither contrary to public policy nor does it deny equal protection. In *Looney v. Farmers Insurance Group*, 616 P.2d 1138 (Okla. 1980), the household exclusion was considered in the context of that state's Financial Responsibility Act. After reviewing the statutory history, the court concluded that the legislature did not intend to allow the wife-claimant, who was an insured under the policy, the benefits of coverage

where she was a passenger in the car of her husband-defendant.

■ The rationale usually offered to support the validity of the household exclusion is that the exclusion protects the insurer from fraudulent or collusive lawsuits between members of the same family. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Traycik*, 86 Mich.App. 285, 272 N.W.2d 629, 630 (1979); *Lee v. State Farm Mutual Automobile Insurance Co.*, 265 Or. 1, 507 P.2d 6 (1973). However, by eliminating intra-family tort immunity in Colorado, we have impliedly discounted the validity of this argument. *See Trevarton v. Trevarton*, 151 Colo. 418, 378 P.2d 640 (1963) (a child may sue his father for personal injuries caused by the parent's negligence where the injuries are inflicted in the performance of duties relating to business as distinguished from parental duties); *Rains v. Rains*, 97 Colo. 19, 46 P.2d 740 (1935) (a wife may sue her husband for personal injuries caused by his negligence). While we accept that there exists the possibility of fraud or collusion in this context, we agree with those courts that have noted that such a possibility does not justify the barring of non-collusive claims. *See, e.g., Transamerica Insurance Co. v. Royle*, 656 P.2d 820 (Mont.1983). The Kansas Supreme Court in *Nocktonick v. Nocktonick*, 227 Kan. 758, 611 P.2d 135, 142 (Kan.1980), a case involving parental immunity, stated:

> We recognize a practical problem is that of possible collusion between parent and child aimed at securing an unjustified recovery from an insurance company. But the possibility of collusion exists to a certain extent in any case. Every day we depend on juries and trial judges to sift evidence in order to determine the facts and arrive at proper verdicts. Experience has shown that the courts are quite adequate for this task. In litigation between parent and child, judges and juries would naturally be mindful of the relationship and would be even more on the alert for improper conduct.

In *Sorenson v. Sorenson*, 369 Mass. 350, 339 N.E.2d 907, 915 (1975), the court made the following observations about collusion in automobile accident cases:

> The existence of collusion and lack of cooperation is not difficult to establish in the ordinary motor vehicle accident case. Prompt, effective insurance company investigation and the requirement of prompt reports of accidents to the registry of motor vehicles and to the insurer quickly establish the essential facts.

■ The insurance carriers claim that section 10–4–707, 4 C.R.S. (1973 & 1983 Supp.), sanctions the household exclusion clause because it specifically states that PIP benefits apply to relatives of the insured; whereas, it does not contain a similar provision concerning liability coverage. They argue that because liability coverage is not included in this section, the legislature has impliedly approved the exclusion of household and family members from liability coverage. We reject this argument.

Section 10–4–707(1) states that "[t]he coverages described in *section 10–4–706(1)(b) to (1)(e)* shall be applicable to: . . ." (emphasis added). Accordingly, section 10–4–707, by its own terms, applies only to PIP benefits. As we have stated, liability coverage and PIP benefits are separate and distinct coverages. Sections 10–4–713 and 10–4–714, 4 C.R.S. (1973 & 1983 Supp.), limit the right of a claimant to sue in tort unless certain conditions are met. In return for these prohibitions on tort actions and recovery, section 10–4–707 establishes when and to whom the no-fault benefits prescribed by section 10–4–706(1)(b) to (1)(e) are payable. Moreover, the insurance companies' analysis leads to the patently erroneous conclusion that all vehicle passengers and drivers or pedestrians could be excluded from liability coverage since they are also named in section 10–4–707. Such a result is contrary to the policy of the Act which is to avoid inadequate compensation to victims of automobile collisions. We view section 10–4–707 concerning PIP benefits as being irrelevant to the liability coverage issue raised in

these appeals. *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *Bishop v. Allstate Insurance Co.*, 623 S.W.2d 865 (Ky. 1981); *Allstate Insurance Co. v. DeFrain*, 81 Mich.App. 503, 265 N.W.2d 392 (1978).

■ Finally, the carriers argue that our decisions in *Newark Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 164 Colo. 498, 436 P.2d 353 (1968), and *Western Insurance Co. v. Wann*, 147 Colo. 457, 363 P.2d 1054 (1961), require a different result. In *Newark*, we held that an insurer was free from liability to the named insured as a result of the household exclusion clause. We analyzed that case solely in the context of construing an insurance policy and concluded that the clause was not ambiguous. More importantly, *Newark* is not controlling here because it was decided before the passage of the Act. The same is true of *Wann*, where we held that a clause in an employer's insurance policy excluding employees from liability coverage is not contrary to the Financial Responsibility Act (FRA) because the procurement of insurance was voluntary and the mandatory provisions of the FRA were not triggered until after the first accident in which the operator is found to be at fault. §§ 42–7–301 & 42–7–302, 17 C.R.S. (1973 & 1983 Supp.). *See Safeco Insurance Co. of America v. Gonacha*, 142 Colo. 170, 350 P.2d 189 (1960).

In summary, we hold that the household exclusion is invalid. The exclusion is neither authorized by statute nor in harmony with the legislative purpose mandating liability insurance to provide coverage for bodily injury and property damages to avoid inadequate compensation to victims of automobile accidents.

## III.

An additional issue is raised in Adcock's claim. State Farm argues that if the household exclusion clause is invalid, the limits of liability should be restricted to $15,000, the minimum amount of liability coverage required by the Act at the time of the accident, rather than the full amount of liability coverage provided by the policy. In order to resolve this issue, we must choose between two equally compelling arguments.

The view which supports the position advanced by State Farm can be summarized as follows: Where an automobile insurance policy contains an exclusion which is declared invalid because it conflicts with a statute mandating liability coverage and the policy limits exceed the minimum statutory requirements, the carrier's liability is limited to the minimum coverage required by statute. *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *State Farm Mutual Automobile Insurance Co. v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975). The rationale for this rule is that the exclusion is invalid only to the extent it violates the statutory requirements. But for the statutory prohibition, the household exclusion clause would be valid and preclude the carrier's increased liability. *See Arceneaux v. State Farm Mutual Automobile Insurance Co.*, 113 Ariz. 216, 550 P.2d 87 (1976); *State Farm Mutual Automobile Insurance Co. v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975); *Estate of Neal v. Farmers Insurance Exchange*, 93 Nev. 348, 566 P.2d 81 (1977).

■ However, we are more persuaded by the insured's argument. The Act specifically provides that insurance policies may provide greater coverage than the minimum specified in the Act. § 10–4–710, 4 C.R.S. (1973). This provision is consistent with the legislative intent to avoid inadequate compensation to victims of automobile accidents. § 10–4–702, 4 C.R.S. (1973). Here, the insured purchased more coverage than required by the Act. We hold that where the household exclusion clause has been held invalid because it violates the Act, the limits of the carrier's liability are those provided by the policy and not the lesser limits required by the statutory standard. *Kish v. Motor Club of America Insurance Co.*, 108 N.J.Super. 405, 261 A.2d 662 (1970). To hold otherwise would be inconsistent with our earlier determination that public policy as re-

flected in the Act does not permit insurance carriers to limit the class of beneficiaries in a policy of automobile insurance in violation of the Act. *Hughes v. State Farm Mutual Automobile Insurance Co.*, 236 N.W.2d 870 (N.D.1975). In our view, the second approach is more consistent with the legislative intent and policy which is to maximize rather than minimize insurance coverage. Moreover, our choice of rules is supported by the well-established principle of contract law that where a provision in a contract is void because it is contrary to public policy, the remaining portions of the agreement are enforceable to the extent the illegal provision can be separated from the valid promises. *See, e.g., Reilly v. Korholz*, 137 Colo. 20, 320 P.2d 756 (1958) (even if provision in stock transfer agreement which required transferor to vote his remaining shares for transferee in board of directors election is void or contrary to public policy, valid portions are enforceable); *Otis Elevator Co. v. Maryland Casualty Co.*, 95 Colo. 99, 33 P.2d 974 (1934) (terms of contract exonerating elevator installer from liability void as against public policy); *Restatement (Second) of Contracts* §§ 178, 184 (1979). *See generally* J. Calamari & J. Perillo, *The Law of Contracts* § 22–4(d) (2d ed. 1977).[7]

### IV.

Since we have determined that the household exclusion is invalid because it violates public policy as promulgated by the legislature in the Act, we need not address the other arguments raised by the parties.[8] Accordingly, the judgments in all three cases are reversed.

*Meyer v. State Farm Mutual Automobile Insurance Co.* No. 82SC155, is re-manded to the court of appeals with directions to reverse the trial court's summary judgment in favor of State Farm and remand for further proceedings consistent with this opinion.

The judgments of the trial courts in *Farmers Insurance Exchange v. Aguirre*, No. 82SA474, and *Adcock v. State Farm Mutual Automobile Insurance Co.*, No. 82SA298, are reversed and those cases are remanded to the respective trial courts for further proceedings consistent with this opinion.

ROVIRA, J., concurs in part and dissents in part.

ROVIRA, Justice, concurring in part and dissenting in part:

I concur in Part II of the majority opinion. In my opinion a fair analysis of the Colorado Automobile Reparations Act (Act), sections 10–4–701 to –723, 4 C.R.S. (1973), supports the conclusion reached by the majority. If the legislature does not agree with our reading of the Act, a statutory change would set the matter right. *See Farmers Insurance Exchange v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 628 P.2d 1 (1981) (legislature's decision to authorize insurers to exclude bodily injury liability to an insured is supported by a variety of rational, legitimate reasons).

However, I dissent from Part III of the opinion which holds that the limits of liability should not be restricted to the minimum amount of liability coverage required by the Act.

In support of its choice from "two equally compelling arguments" the majority concludes that since the insured purchased more coverage than required by the Act, he

---

7. We express no view on the issue of whether an automobile liability insurance carrier may, consistent with the Act, issue a policy of insurance that contains a household exclusion which excludes coverage for claims in excess of the minimum amount prescribed by statute.

8. Some of the claimants and the insureds contend that the household exclusion clause violates article II, section 6 of the Colorado Constitution which guarantees equal justice and access to courts. They also claim the exclusion denies them equal protection of the law guaranteed by the fourteenth amendment to the United States Constitution and article II, section 25 of the Colorado Constitution. Others suggest that if the household exclusion is valid, then the claimant is entitled to compensation under the uninsured motorist provision of the respective policies.

**594**

is entitled to the limits of the policy and not the minimum required by the statute. This result overlooks two facts. First, the premium paid for the policy was based on the inclusion of the household exclusion provision in the policy; and second, even if the household exclusion is contrary to public policy, the carrier would still have the opportunity to limit its policy to the minimum amount required by the statute, and limit any excess coverage by a household exclusion provision. *See, e.g., DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981).

In substance and effect, the majority's choice is supported only by its conclusion that since the Act allows coverage greater than the minimum, it reflects the legislative intent to avoid inadequate compensation, i.e., maximize rather than minimize insurance coverage.

The minimum coverage required by the Act is set out in section 10–4–706, 4 C.R.S. (1973). Insurance carriers may also offer coverage in excess of that required. *See* section 10–4–710, 4 C.R.S. (1973).

The general rule is that although an insurance policy must comply with statutory requirements, such as those in the Act, a statute has no effect upon insurance which it does not require. Also, exclusions in liability insurance policies are valid and enforceable as to amounts exceeding the coverage required by statute. *See DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981); 7 Am.Jur.2d, *Automobile Insurance* § 30 (1980).

Since the Act does not preclude application of the household exclusion to liability insurance coverage in excess of that required by statute, I believe it preferable to follow the general rule and hold the exclusion void only as to the minimum coverage required by statute. The majority of appellate courts support this view. *Arceneaux v. State Farm Mutual Automobile Insurance Co.,* 113 Ariz. 216, 550 P.2d 87 (1976) (coverage in excess of that mandated by law, not subject to provisions of statute); *DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981) (exclusions are void only as to the minimum coverage required by stat-

ute); *State Farm Mutual Auto Ins. Co. v. Shelly,* 394 Mich. 448, 231 N.W.2d 641 (1975) (where exclusionary clause void, reinstated coverage is limited to amount required by statute); *Estate of Neal v. Farmers Insurance Exchange,* 93 Nev. 348, 566 P.2d 81 (1977), (even though the household exclusion clause was void insofar as it attempted to eliminate the minimum security for tort liability required by statute, it was otherwise viable in that liability was limited to the statutory minimum).