## A92A0054. LUNCEFORD v. INTEGRAL INSURANCE COMPANY.
### (420 SE2d 389)

CARLEY, Presiding Judge.

Appellee-plaintiff insurer brought the instant declaratory judgment action, seeking a declaration that it was not contractually obligated to provide basic no-fault benefits to appellant-defendant, who was injured while driving his employer's vehicle. Cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellee and appellant appeals.

"The insurer of a motor vehicle with respect to which security is required by [former] Code Section 33-34-4 shall pay basic no-fault benefits without regard to fault for economic loss resulting from: Accidental bodily injury sustained by *any other person* while occupying the owner's motor vehicle if the accident occurs within the United States of America, its territories or possessions, or Canada. . . ." (Emphasis supplied.) Former OCGA § 33-34-7 (a) (2). However, in order to be eligible for basic no-fault benefits, the "other person" must have been one who was otherwise "insured" under the terms of the policy. "No owner of a motor vehicle required to be registered in this state . . . shall operate or authorize any other person to operate the motor vehicle unless the owner has insurance on the vehicle providing the following minimum coverage: Compensation to *insured injured persons* without regard to fault up to an aggregate minimum limit of $5,000.00 per *insured injured person*. . . ." (Emphasis supplied.) Former OCGA § 33-34-4 (a) (2). " 'Insured' means . . . any other person

using or occupying the insured vehicle with the *express or implied permission* of the named insured or his spouse." (Emphasis supplied.) Former OCGA § 33-34-2 (5). Consistent with former OCGA § 33-34-2 (5), the policy issued by appellee to appellant's employer provided that it would not afford basic no-fault coverage for " 'bodily injury' sustained by any person while using the covered 'auto' without [the employer's] express or implied permission. . . ." Accordingly, unless appellant was using or occupying his employer's vehicle with his employer's "express or implied permission," he has no viable claim for basic no-fault benefits even though he was a person "other" than the owner who had suffered an "accidental bodily injury while occupying that vehicle." "The definition of 'insured' [in former OCGA § 33-34-2 (5) was] clearly applicable to the personal injury protection ('PIP') provisions of the policy within the meaning of [OCGA § 33-34-4 (a) (2)]." *Allstate Ins. Co. v. Skinner*, 150 Ga. App. 106, 107 (257 SE2d 4) (1979).

It appears that, at the time of the injury, appellant was not merely operating the vehicle for is own personal use without his employer's express or implied permission. He was operating it in contravention of his employer's express direction that it was only to be used for business and not for personal purposes. "Since [appellant] used a company truck in an expressly forbidden manner, he would not be insured under the policy issued to [his employer] even if the first instance permission rule was adopted." *Select Ins. Co. v. Register*, 192 Ga. App. 145, 147 (384 SE2d 238) (1989). Compare *United Svcs. Auto. Assn. v. Lail*, 192 Ga. App. 487 (385 SE2d 424) (1989). It follows that the trial court was correct in granting summary judgment in favor of appellee and in denying appellant's motion for summary judgment.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 30, 1992.

*Smith & Polstra, Gary W. Smith, Gary M. Hays,* for appellant. *Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, Michelle P. Jordan,* for appellee.