**Gary E. COFFMAN, Plaintiff,**

v.

**Bonnie L. COFFMAN, Defendant and Third–Party Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third–Party Defendant–Appellee.**

**No. 92CA0279.**

Colorado Court of Appeals,
Div. V.

March 25, 1993.

As Modified on Denial of Rehearing
May 27, 1993.

Certiorari Granted Jan. 10, 1994.

No appearance for plaintiff.

Waltz, D'Antuono, Correll & Anderson, Tim Correll, Denver, for defendant and third-party plaintiff-appellant.

Marc Levy & Associates, P.C., Marc R. Levy, Suzanne Lambdin, Englewood, for third-party defendant-appellee.

Opinion by Judge RULAND.

In this action to recover damages for personal injuries incurred in an automobile accident, third-party plaintiff, Bonnie L. Coffman, appeals the summary judgment entered in favor of third-party defendant, State Farm Mutual Automobile Insurance Company (State Farm). State Farm cross-appeals the trial court's order denying its motion for summary judgment on alternate grounds. We affirm the summary judgment, and thus, it is unnecessary to address the cross-appeal.

On August 4, 1986, plaintiff, Coffman's husband, was injured while riding as a passenger in Coffman's vehicle. Plaintiff filed suit against Coffman to recover for his personal injuries. The vehicle was insured under a policy issued by State Farm which contained an endorsement limiting liability coverage for any household member to $25,-000 per person. State Farm has refused to pay plaintiff's claims in excess of this limit.

The policy originally purchased by Coffman in December of 1984, included an exclusion denying liability coverage for household members. However, in September of 1984, our supreme court held in *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984) that this type of household exclusion was invalid as violative of the public policy embodied in the Colorado Automobile Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A).

In 1985, State Farm added an endorsement to Coffman's policy that modified the former household exclusion. This endorsement limited liability coverage to $25,000 per person, which was less than the liability coverage provided for non-household members under the policy. Plaintiff's policy was again renewed in May of 1986.

Effective July 1, 1986, the General Assembly enacted § 10–4–418(2)(b), C.R.S. (1987 Repl.Vol. 4A), which contains a legislative declaration that household exclusions are not contrary to the public policy of this state. The accident at issue took place in August 1986, after the date § 10–4–418(2)(b) became operative, but while the May 1986 renewal policy was in effect.

Coffman moved for summary judgment on the grounds that the endorsement limiting coverage to $25,000 for household members constituted the type of reduction in coverage that requires approval by the Colorado State Insurance Commissioner under § 10–4–720, C.R.S. (1987 Repl.Vol. 4A), and that the endorsement had not been properly approved. State Farm filed a cross-motion for summary judgment asserting that the endorsement had been properly approved. The trial court denied both motions.

State Farm then filed a motion to reconsider. On reconsideration, the trial court granted summary judgment in favor of State Farm. Relying upon *Schlessinger v. Schlessinger,* 796 P.2d 1385 (Colo.1990) and *Allstate Insurance Co. v. Feghali,* 814 P.2d 863 (Colo.1991), the trial court concluded that the household exclusion was not void and that, therefore, the endorsement issued by State Farm was not a decrease in coverage requiring approval by the insurance commissioner.

Coffman recognizes that her accident occurred after legislative repeal of any prohibition against household exclusions. However, she contends that the extent of her coverage should be governed by the state of the law as of her last renewal date and not the date of the accident, and thus, she argues, the endorsement was invalid. We are not persuaded.

After the General Assembly declared that household exclusions were not contrary to the public policy of this state, our supreme court addressed the issue of whether the Automobile Accident Reparations Act had abolished the parental immunity doctrine in this state. In holding that the Act had not abrogated that doctrine, the court acknowledged that its "interpretation of the legislative declaration of purpose in the Auto Accident Reparations Act [in *Meyer*] did not correspond to the purpose *actually intended* by the General Assembly." *Schlessinger v. Schlessinger, supra,* 796 P.2d at 1389 (emphasis supplied).

Later, our supreme court declined to reconsider whether a household exclusion violated the public policy adopted in the Act and held that *Schlessinger v. Schlessinger, supra,* was dispositive of this issue. *Allstate Insurance Co. v. Feghali, supra.* In *Allstate,* the accident occurred in 1987. The household exclusion was upheld without discussion of when the policy was issued originally.

We recognize that in some jurisdictions and under varying circumstances, other courts have concluded that a contractual provision which violates public policy at the time the contract is entered into may not be enforced even after repeal of the statute relied upon to establish that policy. *See Fitzsimons v. Eagle Brewing Co.,* 107 F.2d 712 (3rd Cir.1939); Annot., *Illegal Contract Becoming Legal,* 126 A.L.R. 685 (1940).

Here, however, even if we assume that the renewal date of the policy is the effective date for purposes of determining the extent of coverage, we conclude that the endorsement was valid. We reach this conclusion because the issue of the applicable public policy created by the Act was not finally resolved until the General Assembly's enactment in 1986. And, were we to conclude otherwise, the directive of the General Assembly on an issue of public policy would be frustrated.

By reason of our resolution of this issue, we do not address State Farm's cross-appeal.

The judgment is affirmed.

HODGES,* J., concurs.

BRIGGS, J., specially concurs.

Judge BRIGGS, specially concurring.

I concur in the judgment, but under an analysis somewhat different than that stated in the majority opinion.

State Farm issued a policy to Coffman that excluded any bodily injury liability coverage for household members. After the decision of our supreme court in *Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984) State Farm issued an endorsement to the policy which provided liability coverage for household members to $25,000 per person. The policy was renewed with this endorsement on more than one occasion.

Section 10–4–720(1) C.R.S. (1987 Repl.Vol. 4A) requires approval by the State Insurance Commissioner for a *reduction* in coverage. In my view, the endorsement changing the policy from no coverage to $25,000, even if necessitated by the *Meyer* decision, is not a "reduction" in coverage under § 10–4–720(1) which requires the commissioner's approval.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

For this reason, I would affirm the decision of the trial court finding the endorsement valid.