**Karen T. BRNA, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant–Appellee.**

**No. 93CA1457.**

Colorado Court of Appeals, Div. V.

Dec. 1, 1994.

Rehearing Denied Jan. 19, 1995.

Anderson, Campbell and Laugesen, P.C., Richard W. Laugesen, Denver, for defendant-appellee.

Miller & McCarren, P.C., J. Kent Miller, Denver, for plaintiff-appellant.

Opinion by Judge BRIGGS.

Five years ago, a division of this court observed that liability insurance carriers have created a "court's nightmare" by inserting into automobile liability policies "other insurance" provisions designed to shift some or all of the burden of a loss to other policies. *Allstate Insurance Co. v. Frank B. Hall & Co.*, 770 P.2d 1342, 1345 (Colo.App.1989). The nightmare continues.

This variation on the theme is presented in the context of a claim for declaratory judgment by plaintiff, Karen T. Brna, against her automobile liability insurer, Farmers Insurance Exchange (insurer). In granting summary judgment for the insurer, the trial court upheld an exclusion from automobile liability coverage that applied when an insured sustained bodily injuries and another that applied when other insurance provided coverage for those injuries. We reverse and remand for entry of judgment in favor of plaintiff.

Plaintiff was seriously injured as a passenger in a one-car accident. The vehicle was owned by plaintiff and was being driven by a friend with plaintiff's permission.

The policy plaintiff purchased from her insurer provided $100,000 in liability coverage but included a provision stating that the coverage did not apply to "liability for bodily injury to an insured person." A second provision, contained under the heading "Other insurance," stated in pertinent part:

> We will not provide insurance for a person, other than you or a family member, if that person has other insurance applicable to a loss covered by this part with limits equal to at least those of the Colorado Financial Responsibility Law. If there is no other insurance then the insurance provided to that person will be limited to the requirements of the Colorado Financial Responsibility Law.

The driver had liability insurance under a policy with another company for $100,000. That policy stated that if the insured was driving a vehicle owned by another, the liability insurance coverage would be excess over other collectible insurance.

Because of the substantial damages suffered by plaintiff, the driver's insurer determined it would owe the full amount of its policy regardless of how the policies were reconciled. It therefore paid plaintiff its full policy limits of $100,000.

Although the policy language would have excluded any coverage, plaintiff's insurer, having stipulated that plaintiff's total damages exceeded $200,000, paid $25,000 to plaintiff. This left for resolution their dis-

pute over whether the insurer owed an additional $75,000.

The trial court determined that plaintiff was not entitled to any bodily injury coverage from her insurer because of the exclusion from coverage for bodily injury to an insured. Alternatively, the court concluded that the "Other insurance" provision barred any recovery because the driver had other insurance.

## I.

◼ Plaintiff contends the exclusion of liability coverage for bodily injury to any insured is contrary to the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A) (the No–Fault Act), to the extent it applies to injuries caused by the negligence of someone other than a member of the insured's household. We agree.

◼ An insurance policy provision is void and unenforceable, even if unambiguously written, when the effect is to dilute or avoid a legislative mandate. *Union Insurance Co. v. Houtz*, 883 P.2d 1057 (Colo.1994).

In *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984), our supreme court determined that a provision in a liability insurance policy excluding coverage for an insured or a member of the insured's household was invalid because it was contrary to the provisions of the No–Fault Act. The court observed that the usual rationale for such exclusions was to protect the insurer from collusive lawsuits, but concluded that the validity of this argument had been discounted by the elimination of intrafamily tort immunity in Colorado and that courts were adequate to the task of exposing possible collusion.

In 1986, the General Assembly enacted § 10–4–418(2)(b), C.R.S. (1987 Repl.Vol. 4A), which contains a legislative declaration that *household exclusions* are not contrary to public policy. The General Assembly has thus determined that the need to protect insurance companies from possible collusive lawsuits is sufficient to justify an exclusion from coverage for household members. However, the statute is silent in regard to

the supreme court's holding in *Meyer* that exclusions for bodily injuries to insureds, if not caused by household members, are contrary to public policy.

If the General Assembly had further concluded that concern with collusive lawsuits justified an exclusion for insureds who are not household members, it could have included both household exclusions and exclusions for any insured with its reversal of *Meyer* in § 10–4–418(2)(b). It did not. Hence, the General Assembly has implicitly approved the remainder of the *Meyer* opinion holding that, as to a claim made by an insured who is not a household member, concern with collusive lawsuits is not sufficient to override the No–Fault's Act purpose of avoiding inadequate compensation to victims of automobile accidents. *See People in Interest of E.E.A. v. J.M.*, 854 P.2d 1346 (Colo.App.1992) (General Assembly is presumed to be aware of the judicial interpretations of a statute that it amends, and it is presumed that the amendment does not change existing law further than is expressly declared); *see also Coffman v. State Farm Mutual Automobile Insurance Co.*, 884 P.2d 275 (Colo.1994); *Dotson v. Estate of Pearson,* —— P.2d —— (Colo.App. No. 93CA1698, December 1, 1994).

We therefore conclude that, in an automobile insurance policy, an exclusion of liability coverage for bodily injuries to insureds who are not members of the same household is invalid because it is contrary to the No–Fault Act.

## II.

◼ Plaintiff also contends her insurer's "other insurance" provision, excluding liability coverage when there is coverage under a separate policy, is contrary to the No–Fault Act. We again agree.

◼ If plaintiff is a person for whom coverage is required by statute, the insurer cannot limit its statutory obligation by a contrary contractual provision in the policy. *Bukulmez v. Hertz Corp.*, 710 P.2d 1117 (Colo.App.1985), *rev'd on other grounds sub nom. Blue Cross v. Bukulmez*, 736 P.2d 834 (Colo.1987).

In *Allstate Insurance Co. v. Frank B. Hall & Co., supra,* an insurer had provided to an insured a liability policy stating that when using a "non-owned" vehicle the insurance would be excess over other collectible insurance. The insured later rented a car from a company that had its own multiple-risk policy with the defendant, a different insurance company.

The policy issued to the rental company stated in one provision that its coverage was primary for accidents resulting from the ownership, maintenance, or use of any of the agency's automobiles. However, pursuant to another provision, if any other insurance applied to an accident, then the coverage would be excess of other collectible insurance.

The court in *Allstate* recognized the principle that, if two or more policies of the same type contain an excess coverage clause, and they cannot be reconciled with each other, the clauses are declared to be mutually repugnant. As a consequence, each policy is required to make some pro rata payment for the loss suffered.

Two years later a division of this court in *United States Fidelity & Guaranty Co. v. Budget Rent–A–Car Systems, Inc.,* 829 P.2d 478 (Colo.App.1991), *rev'd on other grounds,* 842 P.2d 208 (Colo.1992), again faced the question of apportioning liability between two policies attempting to make their coverage excess. In that case a rental agency had provided a car to a renter and, as a self-insurer, a liability insurance policy that provided in pertinent part:

> If any coverages herein cannot be excluded or waived, Renter agrees that such coverages shall be automatically reduced to the minimum requirements of any financial responsibility or other applicable law and that such coverages shall be excess to any other applicable insurance.

The driver's insurer had also provided the driver with an insurance policy that made its liability coverage excess for any auto not owned.

On appeal, the driver's insurer contended that the trial court erred in finding the policies to be co-primary. The court concluded that because both policies contained "other insurance" clauses that could not be reconciled, payment had to be made under each policy.

Here, the driver's policy contained the usual provision making its coverage excess to other applicable insurance when an insured was driving a vehicle owned by another. However, the policy furnished to plaintiff by her insurer, instead of including the typical language excluding *primary* coverage, stated that the insurer would provide *no* coverage if there were other applicable insurance.

Permitting insurers to enforce a flat exclusion of liability coverage when there is some form of coverage under a separate policy is contrary to the legislative purpose of requiring insurance policies to provide liability coverage to persons in the position of the driver of plaintiff's vehicle. *See Meyer v. State Farm Mutual Automobile Insurance Co., supra; see also Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976) (primary coverage follows the owner's policy and regulation making the owner's policy excess invalid).

■ Further, the provisions of the two policies are irreconcilable. Although plaintiff's insurer additionally tried to avoid providing even excess coverage, both companies sought to avoid primary coverage. The policy provisions are therefore mutually repugnant. As a result, each company is required to make payment. *See Empire Casualty Co. v. St. Paul Fire & Marine Insurance Co.,* 764 P.2d 1191 (Colo.1988); *United States Fidelity & Guaranty Co. v. Budget Rent–A–Car Systems, supra.*

### III.

Relying on *Coffman v. State Farm Mutual Automobile Insurance Company, supra,* plaintiff's insurer argues that, even if plaintiff is entitled to coverage under its policy, the coverage is limited to $25,000, the minimum required by § 10–4–706(1)(a), C.R.S. (1994 Repl.Vol. 4A). We disagree.

The supreme court in *Coffman* noted that its decision in *Meyer v. State Farm Mutual Automobile Insurance Co., supra,* expressed no opinion with regard to whether a clause in an automobile liability insurance policy limit-

ing coverage for injuries to household members to the minimum liability coverage statutorily required would be consistent with the provisions of the No–Fault Act. The insurer argues that such a limitation is valid and, because it has already paid that minimum, plaintiff is entitled to no further recovery from it.

We need not determine whether such a limitation violates the No–Fault Act. The policy issued by plaintiff's insurer contains a provision stating that the insurance provided will be limited to the requirements of the Colorado Financial Responsibility Law, but applies only if "there is no other insurance." The driver had separate insurance. Thus, the provision does not apply.

Because the provision excluding the driver from liability coverage is invalid, and because the provision limiting coverage to the minimum requirements of the Colorado Financial Responsibility Law is inapplicable, plaintiff is entitled to payment of the policy limits, not the minimum required by the statute. *See Coffman v. State Farm Mutual Automobile Insurance Co., supra; Meyer v. State Farm Mutual Automobile Insurance Co., supra,* 689 P.2d at 592 ("We hold that where the household exclusion clause has been held invalid ... the limits of the carrier's liability are those provided by the policy and not the lesser limits required by the statutory standard."). Further, because the parties stipulated that damages exceeded the total of both applicable policies, defendant is liable for the full balance of $75,000 not yet paid on its policy limits, without resort to any method of proration.

The judgment is reversed, and the cause is remanded to the trial court for entry of judgment declaring that the insurer is obligated to pay plaintiff the remainder due on its policy limit.

RULAND and TAUBMAN, JJ., concur.